508 P.2d 536

Stanford B. PETERSEN and Carol A. Petersen, his wife, Plaintiffs and Appellants,

v.

INTERMOUNTAIN CAPITAL CORPORATION, Defendant and Respondent.

D. Spencer NILSON, Plaintiff and Respondent,

v.

Stanford B. PETERSEN and Carol A. Petersen, his wife, Defendants and Appellants.

No. 12984.

Supreme Court of Utah.

April 4, 1973.

---

Backman, Backman & Clark, Ralph J. Marsh, Salt Lake City, for appellants.

Spafford & Young, Gaylen S. Young, Jr., Salt Lake City, for respondents.

ELLETT, Justice:

This is an appeal from a dismissal of an action for damages based upon a claimed breach by Intermountain Capital Corporation, hereinafter called defendant, of an agreement to lend money to the Petersens, hereinafter called plaintiffs.

One of the terms of the written contract for the exchange of interest in parcels of real estate was the following:

Intermountain also agrees to loan Petersens Twenty Thousand Dollars ($20,-000.00) within one year from the date of the execution of this Agreement. The time that said loan is to be made within said one year period shall be determined solely by Intermountain. Said indebtedness shall be evidenced by a promissory note providing for the payment of the principal amount of Twenty Thousand Dollars ($20,000.00) plus interest at the rate of 9% per annum on the unpaid balance in three (3) equal annual installments. Payment of said indebtedness shall be secured by a first mortgage on the Wyoming Properties.

Defendant was unable to make the loan of $20,000.00 to the plaintiffs within the year, and this action for breach of contract was begun. The plaintiffs claim that because they were short of money, they lost a business in which they were interested and were forced to discount a contract of sale of the Wyoming property all because of the failure of the defendant to make the loan as agreed.

It is to be noted that the contract in question was entered into on January 22 and would not be breached until January 22 following, as the defendant had the full year in which to perform. However, on October 1, some three months and three weeks before the defendant would be in breach of the agreement, the plaintiffs sold the Wyoming property under a uniform real estate contract which contained a provision that the Petersens (sellers) could place a mortgage upon the property provided the payments thereon would not exceed $3600.00 per year and the interest not be greater than 6% per year.

The Petersens contend that despite the contract of sale, they still could have given a mortgage to the defendant carrying interest at 9% and providing for payments of one third of the $20,000.00 plus interest per year and that it was of no concern to the defendant if the Petersens breached their contract of sale of the Wyoming property.

While the Petersens did not make it impossible to give the note and mortgage for the $20,000.00 as promised, they placed an obstacle in the way of the defendant which might have necessitated a lawsuit in order to determine the rights of purchasers of land who were in possession thereof.

■ The promise to lend the money was conditional upon the giving by the Petersens of a first mortgage on the Wyoming property. By selling the land the Petersens indicated an intention to breach that provision of the contract with defendant relating to the loan. If not an absolute failure of consideration for the loan, the sale was such a prospective failure as to prevent a

recovery for any damages in case they sued the defendant for failing to make the loan.[1]

■■ If one who has contracted to sell specific land, goods, or other subject matter to another, either sells or contracts to sell to a third person, the same subject matter, this act is a repudiation of his contract. Neither a sale nor a contract to sell specific subject matter makes performance of the prior contract absolutely impossible. They make performance more difficult, however, and they amount to a positive manifestation of intention not to perform the first contract.[2]

■ At Section 978 of Corbin on Contracts it is stated:

In an action for breach by an unconditional repudiation it is still a condition precedent to the plaintiff's right to a judgment for damages that he should have the ability to perform all such conditions. If he could not or would not have performed the substantial equivalent for which the defendant's performance was agreed to be exchanged, he is given no remedy in damages for the defendant's non-performance or repudiation . . . .

In the matter now before us, it appears that the defendant did not know of the sale of the Wyoming property and only failed to make the loan because of its inability to do so. However, when plaintiffs brought the action against it, the defense of repudiation and failure of consideration were available to prevent a recovery by the plaintiffs.

In view of the holding herein affirming the trial court, it is not necessary to discuss other matters raised on appeal, as they will not change our ruling.

· The judgment is affirmed. Costs are awarded to the respondent.

CALLISTER, C. J., and CROCKETT, HENRIOD and TUCKETT, JJ., concur.

1. Corbin on Contracts, § 975.

2. Corbin on Contracts, § 984.