411 So.2d 181 (1982)
HOSPITAL MORTGAGE GROUP, Etc., Petitioner,
v.
FIRST PRUDENTIAL DEVELOPMENT CORP., et al., Respondents.
No. 60156.
Supreme Court of Florida.
March 4, 1982.
Edward A. Perse of Horton, Perse & Ginsberg; and the Law Offices of Malspeis, Lococo, Brown & Schwartz, Miami, for petitioner.
John H. Lewis, and Stanley J. Mann of Mann, Dady, Corrigan & Zelman, Miami, for respondents.
McDONALD, Justice.
This case is before us on a petition to review a decision of a district court, reported at 390 So.2d 767 (Fla. 3d DCA 1980). Because that decision conflicts with Thomson v. Kyle, 39 Fla. 582, 23 So. 12 (Fla. 1897), we have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We disapprove the district court decision.
The issue here is whether a prospective borrower, in an action for damages against a lender for its premature withdrawal of a commitment to loan funds, must prove that it had, or could have, fulfilled the conditions *182 required under the contract to close the loan.
Petitioner, Hospital Mortgage Group, a trust, is in the business of lending money. It was the defendant and appellee below. Respondents are real estate developers who were the plaintiffs and appellants below. On November 27, 1973 the parties entered into two agreements, identical mortgage commitments, to provide financing for the construction of motels in Augusta, Georgia, and Rock Hill, South Carolina.
The commitments contained a number of requirements to be met by respondents and stated that the commitments "expired" on December 12, 1973. The documents that respondents were responsible for were to meet the approval of the lender's attorney.
The December 12th expiration date passed without the respondents complying. The parties met on December 31, 1973 and agreed to extend the commitments although they did not set a new expiration date. Work on the closing continued until April 27, 1974 when petitioner advised the respondents that the commitments were terminated. By letter dated May 7, 1974 petitioner outlined respondents' failure to comply in furnishing the documents and the passage of time as the reasons for termination. The documents that had been furnished by the respondents were returned.
Unable to find another lender, respondents leased the properties and brought suit for breach of contract damages. The trial was on liability only, and the trial court found that the lender "did not effectively terminate the two commitments" and that the borrower had not complied with the conditions precedent to the contracts. The court then granted the respondents thirty days to complete submission of the documents or else the lender's commitments would be terminated.
The respondents appealed stating that because five years had passed since the termination it was impossible to comply. The district court reversed, finding that an anticipatory repudiation by petitioner obviated the respondents' duty to tender all of the documents. The petitioner asserts that the termination was due to the respondents' inability to obtain the required documents, and, therefore, respondents were not "ready, willing and able" to comply. The original commitment was for sixteen days, and the extended time ran for almost nineteen weeks.
The district court correctly found that the petitioner-lender had committed an anticipatory repudiation when it unequivocally terminated the two agreements. The correct way to terminate a contract after an extension to which no new termination date is fixed is to give the parties notice and a reasonable amount of time to attempt compliance. See Felt v. Morse, 80 Fla. 154, 85 So. 656 (Fla. 1920); Sound City, Inc. v. Kessler, 316 So.2d 315 (Fla. 1st DCA 1975).
In dealing with anticipatory repudiations the law is clear that a repudiation gives rise to a claim for damages by the nonbreaching party. As stated in Restatement (Second) of Contracts § 253 (1979):
(1) Where an obligor repudiates a duty before he has committed a breach by non-performance and before he has received all of the agreed exchange for it, his repudiation alone gives rise to a claim for damages for total breach.
(2) Where performances are to be exchanged under an exchange of promises, one party's repudiation of a duty to render performance discharges the other party's remaining duties to render performance.
Therefore, the nonbreaching party is relieved of its duty to tender performance and has an immediate cause of action against the breaching party. Poinsettia Dairy Products, Inc. v. Wessel Co., 123 Fla. 120, 166 So. 306 (Fla. 1936). This alone, however, does not entitle the nonbreaching party to damages. Anticipatory repudiation obviates the requirement that the conditions be performed, but not that they be performable.
As stated in the Restatement (Second) of Contracts § 254 (1979):
(1) A party's duty to pay damages for total breach by repudiation is discharged *183 if it appears after the breach that there would have been a total failure by the injured party to perform his return promise.
The term "total failure" is defined in the comment to this section as:
A failure is total in this context if it would have been sufficient to have discharged any remaining duties of the party in breach to render his performance. See § 242. The result follows even if it appears that the failure would have been justified and not a breach. Cf. § 244.
Id. at comment a (1979).
This reasoning is in accord with Thomson v. Kyle, 39 Fla. 582, 23 So. 12 (Fla. 1897), and Slaughter v. Barnett, 114 Fla. 352, 154 So. 134 (Fla. 1934), requiring compliance with the contract provisions. In those decisions performance or tender of performance of conditions precedent was required as a prerequisite to recovery. The holder of the duty based upon a condition precedent cannot profit from an anticipatory repudiation of a contract that he would have breached himself. It follows that if performance of the conditions precedent is excused the ability to perform them must still be shown.
In the complaint the respondents alleged that they had provided all of the documents required by the agreements and had satisfied all acts required by the agreements with the exception of the time limitations. At trial, however, the judge found, and the district court concurred in his finding, that the respondents had not complied with the conditions precedent to the contracts. The sole reason for the extension of time was so that the respondents could correct their defective tender of the conditions precedent. The petitioner alleged and proved that this noncompliance caused the extension and that it continued through the termination date. Taking the facts as a whole then, to allow recovery by the respondents is to give them credit for doing what they were unable to do even after the termination date had been extended by nineteen weeks.
The rule of law followed by the district court is correct in that the respondents are able to bring suit on the anticipatory repudiation, but is incorrect in allowing recovery when they are unable to prove that they could have performed. The commitments involved are complex financing agreements that require the submission of numerous independent legal documents. The lack of any one may be fatal to the entire set of conditions precedent and thus to the petitioner's duty to lend the sums involved.
When the lender causes an anticipatory repudiation of a loan commitment after an extension of the termination date, the nonbreaching party is required to plead and prove compliance with all conditions precedent or the ability to comply if the performance has been excused by the repudiation.[*] Because the trial court found that the plaintiffs-respondents had not complied with the conditions precedent and the evidence was insufficient to support a finding that they could have performed them, we quash the decision of the district court and remand for it to order the trial court to issue a judgment for the petitioner.
It is so ordered.
*184 SUNDBERG, C.J., and BOYD, OVERTON and ALDERMAN, JJ., concur.
ADKINS, J., concurs in result only.
NOTES
[*] This rule is stated in 4 A. Corbin, Contracts § 978 (1951):

§ 978. Ability to Perform Remains a Condition even Though Actual Tender of Performance is Eliminated
In an action for breach by an unconditional repudiation it is still a condition precedent to the plaintiff's right to a judgment for damages that he should have the ability to perform all such conditions. If he could not or would not have performed the substantial equivalent for which the defendant's performance was agreed to be exchanged, he is given no remedy in damages for the defendant's non-performance or repudiation. Of course, the willingness and ability that remains a condition precedent in spite of the defendant's repudiation, is willingness and ability to perform if there had been no repudiation. The defendant's wrongful repudiation justifies the plaintiff in taking him at his word and at once taking steps that may make subsequent performance impossible. The willingness and ability to perform need not continue after the repudiation; it is merely required that they should have existed before the repudiation and that the plaintiff would have rendered the agreed performance if the defendant had not repudiated.
(Footnote omitted.)