NIMMONS, Judge.
After a non-jury trial, the trial court entered final judgment awarding damages to plaintiff/appellant who had brought suit against appellees by reason of the latter’s breach of their agreement to sell the appellant certain real estate. Appellant claims that the judgment erroneously failed to award interest, costs and an attorney’s fee. Appellant also claims that he was entitled to more in damages than the $1,500 awarded by the trial court.
This litigation started out as a suit by the appellant/purchaser for specific performance. However, prior to trial, the complaint was amended to add a count asserting a cause of action for breach of contract and seeking damages for such breach. During trial, plaintiff moved for voluntary dismissal of his specific performance count which motion was granted by the court. The court noted in the final judgment that plaintiff’s dismissal of the specific performance count complicated the matter because the defendants had eventually offered (apparently during the trial) to convey the property to plaintiff,[1] that “the reversal of the positions of the parties makes it difficult to adjust the equities” and that “the court is convinced that the plaintiff has a more equitable situation in his favor but the equities are not totally with him.” The judgment also provided that “each of the parties will pay their own attorney and sustain any court costs expended herein.”
We first note that this case wound up as strictly an action at law with no equitable remedies being asserted. The contract upon which the action was based provided for the right of the prevailing party “to recover reasonable attorney’s fees and costs.” It is apparent from the final judgment that the plaintiff was the prevailing party. He was, therefore, entitled to an award of a reasonable attorney’s fee by virtue of the parties’ agreement. See Brickell Bay Club Condominium Association, Inc. v. Forte, 397 So.2d 959 (Fla.3rd DCA 1981). He was also entitled *386 to his taxable costs as a matter of law as well as by virtue of the agreement. It was not proper to deny attorney’s fees and costs under a “balancing of the equities” theory.
However, the appellants have not demonstrated error in the final judgment’s limitation of the damages to the sum of $1,500. Likewise, the appellants have failed to establish that the damages awarded in the judgment did not include prejudgment interest. That is an element of damages which is determined by the trier of fact as any other element of damages, Encompass Incorporated v. Alford, 444 So.2d 1085 (Fla. 1st DCA 1984), and is not normally separately stated in a verdict or final judgment.
The final judgment is affirmed in part and reversed in part, and this cause is remanded for further proceedings for the determination of a reasonable attorney’s fee and costs and the inclusion of the same in an amended final judgment.
MILLS and SMITH, JJ., concur.

. No issue has been raised as to whether the plaintiff could properly continue to pursue the breach of contract count after the defendants’ offer to convey the property.