**Chester INGALLS**

v.

**Richard KEENE and Marion Keene.**

Supreme Judicial Court of Maine.

Argued June 5, 1985.

Decided July 29, 1985.

Daviau, Jabar & Batten, Joseph M. Jabar (orally), Waterville, for plaintiff.

Sidney H. Geller (orally), Waterville, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

The plaintiff, Chester Ingalls, appeals from a judgment entered by the Superior Court (Kennebec County) following the granting of defendants' motion for judgment at the close of the plaintiff's evidence.[1] Finding no reversible error, we deny the appeal.

On March 15, 1983, the parties submitted a proposal to the Small Business Administration (SBA) concerning the sale of a business, then owned by the plaintiff, called The Solon Superette. This proposal contemplated that the purchasers (the defendants) would assume the existing mortgage of $106,557 held by the SBA. The defendants further requested that the SBA require no payment of principal or interest on the existing mortgage for ninety days after the scheduled opening date of the store. Because the defendants needed sufficient time to repair and improve the store for the short summer season, they proposed a closing date of March 22, 1983. April 18, 1983 was projected as the opening date for the store.

On March 22, the contemplated closing date, the defendants inspected the store premises. The next day, defendant Richard Keene telephoned the plaintiff to inform him that Keene and his wife were unhappy with the condition of the store. Plaintiff Ingalls testified that the defendants did not complain that the closing had not been held on March 22.

On March 25, defendant Richard Keene returned the store key to plaintiff Ingalls. The plaintiff testified that Keene explained that he and his wife were not going to take

---

1. Under M.R.Civ.P. 50(d), "[t]he judge ... does not merely decide the legal sufficiency of the plaintiff's evidence but may decide the factual issues and render judgment against the plaintiff, making findings of fact and conclusions of law under Rule 52(a)." M.R.Civ.P. 50(d) advisory committee's note to 1982 amend., Me.Rptr. 449–458 A.2d LXIII.

on the responsibility of running the store because it was too much for them at their age. At trial, Richard Keene acknowledged that he had changed his mind as a result of inspecting the store, as well as because the closing date had passed.

Plaintiff further testified that at this time, he told Mr. Keene that he had spoken with SBA loan officer William Cusick and that while there might be some problem with postponing the accrued interest payments, it looked as though "things would be okay." Richard Keene, however, denied the substance of this conversation.

Shortly after the defendants' repudiation, the plaintiff received a formal written response from SBA loan officer Cusick. The agency accepted much of the original proposal, but stated that the interest portion of the first three payments would have to be paid with the first payment at the time of closing.

The plaintiff initiated this action to collect the difference between the contract price with the Keenes and the price obtained from subsequent purchasers.

At trial, following the testimony of defendant Richard Keene, SBA loan officer William Cusick, and plaintiff Chester Ingalls, the defendants moved for judgment on the ground that the SBA's refusal to defer the interest portion of the first three payments vitiated the contract. The trial justice granted the defendants' motion. On appeal, the plaintiff argues that the trial court erred in ruling for the defendants because the defendants breached the contract for reasons unrelated to SBA's subsequent failure to agree to all conditions precedent.

We agree that the SBA approval had not become critical to the performance of the plaintiff's contractual obligations at the time that the defendants repudiated. We do not, however, find this to be dispositive. The Restatement (Second) of Contracts § 254(1) (1981) provides that "[a] party's duty to pay damages for total breach by repudiation is discharged if it appears after the breach that there would have been a total failure by the injured party to perform his return promise."[2]

Comment a to section 254 provides that "[a] failure is total in this context if it would have been sufficient to have discharged any remaining duties of the party in breach to render his performance. ... The result follows even if it appears that the failure would have been justified and not a breach."

After carefully reviewing the record, we conclude that the SBA's rejection of the interest postponement proposal caused such a "total failure" as to discharge the defendants' duty to pay damages. Postponement of the interest payments was a critical prerequisite for the defendants to purchase the store. Although SBA loan officer Cusick testified that higher authority in the SBA might subsequently have agreed to the postponement, it is obvious that obtaining any such approval would have required additional time. The resultant delay would have significantly hindered the defendants' goal of an early starting date. Therefore, the trial justice correctly ruled that the SBA's rejection of the interest payment proposal discharged the defendants' duty to pay damages.

The entry shall be:

Judgment of the Superior Court affirmed.

All concurring.

---

**2.** *See also Hospital Mortgage Group v. First Prudential Development Corp.,* 411 So.2d 181, 182–183 (Fla.1982); *Hodes v. Hoffman Int'l Corp.,* 280 F.Supp. 252, 259 (S.D.N.Y.1968); 6 Williston, *Contracts* § 884 (3d ed.1962). *But see Gherman v. Colburn,* 72 Cal.App.3d 544, 585–86, 140 Cal.Rptr. 330, 357 (1977).