CHING-MING CHEN, Plaintiff-Appellee,

and Jer-Wei Corporation, Plaintiff,

James P. Bohon and the Bohon Corporation, Plaintiffs by Intervention-Appellees,

v.

ADVANTAGE COMPANY, INC., Defendant-Appellant,

and S.V. Patel and B.B. Patel, Defendants.

Court of Appeals of Tennessee, Middle Section, at Nashville.

March 14, 1986.

Rehearing Denied April 9, 1986.

Application for Permission to Appeal Denied by Supreme Court June 16, 1986.

Stephen M. Miller, Denny, Lackey & Chernau, Nashville, for plaintiff-appellee, Ching-Ming Chen.

W.E. Weems, III, Ludwick & Lowell, Nashville, for intervenor plaintiff/appellee, Bohon Corp.

Gary A. Brewer, Levine, Brewer & Drause, Nashville, for defendant-appellant, Advantage Co., Inc.

## OPINION

LEWIS, Judge.

Plaintiff, Ching-Ming Chen (Chen), filed his complaint against defendant, Advantage Company, Inc. (Advantage), and sought specific performance of a contract in which plaintiff was to purchase a motel and the real property upon which it was located from Advantage.

Subsequently, plaintiff amended the complaint to add S.V. Patel and B.B. Patel as additional defendants, alleging that they tortiously interfered with his contractual relations with Advantage. The amended complaint also sought damages, rather than specific performance, and added Jer-Wei Corporation, the entity incorporated by plaintiff for the purpose of holding title to the real estate, as an additional plaintiff, and alleged that the Jer-Wei Corporation had lost an opportunity to sell shares of its stock by virtue of Advantage's breach of the contract to sell.

Approximately one year after the original complaint was filed, James P. Bohon and The Bohon Corporation, as the real estate broker who listed the property and handled the sale to plaintiff, intervened and sought recovery of $50,000 from the defendant Advantage as the amount of commission due under the contract to sell.

The pertinent facts are as follows:

On September 24, 1982, Advantage and Chen entered into a written contract wherein Chen was to purchase and Advantage was to sell, for the sum of $1,150,000, a motel located at 400 Main Street, Nashville, Tennessee. Chen was to pay Advantage $100,000 at closing and assume two existing mortgages on the property. The contract obligated Advantage to convey a good and merchantable title and also contained express covenants that taxes assessed against the property prior to plaintiff's purchase were to be paid by Advantage. The contract further stated that the closing

"shall take place ... within ten (10) days," thus requiring a closing no later than October 6, 1982.

On October 6, 1982, Advantage's counsel delivered a letter to Chen's counsel in which Advantage offered to indemnify Chen from the tax liens on the motel property. The letter further stated: "Should this be acceptable please let me know and we will set a closing time today. If this is not acceptable then it is our position that the contract shall be void if not closed today."

Chen declined to accept Advantage's offer of indemnity regarding the taxes. The next day Advantage entered into a contract with the defendant Patels for the sale of the motel for $1,243,732.27.

When the case came on for trial on December 7, 1984, the parties announced that, by agreement, the claim asserted on behalf of the Jer-Wei Corporation and the counterclaim asserted on behalf of Advantage were to be dismissed. At the close of plaintiff's case in chief, defendants S.V. and B.B. Patel moved for a directed verdict, which was granted by the Court. The remaining claims of Chen and Bohon against Advantage were tried before the court and a jury. The jury returned a verdict in favor of Chen for $103,732.27. Judgment was entered for plaintiff Bohon Corporation against Advantage for the sum of $50,000.

On appeal Advantage has presented three issues. We first address its second issue: "Whether the court erred by failing to charge the jury with respect to Advantage's theory of the case as established by its pleadings and the evidence adduced at trial."

Advantage alleged that Chen was "not ready nor in a position to close within the time prescribed in the contract...." Evidence at the trial shows that there was a question as to whether or not Chen would have been able to obtain the $100,000 down payment and assume the two existing mortgages in time for the October 6th closing date. It was necessary that Chen be

able to do both of these in order for Chen to fulfill his obligations under the contract.

The trial court submitted the following issues to the jury.

(1) Did the Defendant Advantage Company breach its contract with Plaintiff Ching-Ming (Frank) Chen?

The jury answered: Yes.

(2) Did the breach by the Defendant Advantage Company proximately cause the failure of the sale of the property?

The jury answered: Yes.

It is the defendant's insistence that this was an inadequate submission.

So far as we are able to determine, the trial court did not at any point instruct the jury that it was possible for Advantage to breach the contract, yet still not be liable to Chen for damages. We recognize that Chen had no duty, following Advantage's anticipatory repudiation of the contract, to tender performance, *American Textile Machine Corp. v. U.S.*, 220 F.2d 584 (6th Cir.1955); however, Chen, in order to maintain an action for damages, must at least show a readiness to perform. *Officer v. Sims*, 49 Tenn. (2 Heisk.) 501 (1870).

Professor Corbin has stated:

In an action for breach by an unconditional repudiation it is still a condition precedent to the plaintiff's right to a judgment for damages that he should have the ability to perform all such conditions. If he could not or would not have performed the substantial equivalent for which the defendant's performance was agreed to be exchanged, he is given no remedy in damages for the defendant's nonperformance or repudiation.

4 A.L. Corbin, *Corbin on Contracts* § 978 (1951). *See also Hospital Mortgage Group v. First Prudential Development Corp.*, 411 So.2d 181, 183 (Fla.1982); *Record Realty, Inc. v. Hull*, 15 Wash.App. 826, 552 P.2d 191, 196 (1976); *Petersen v. Inter-Mountain Capital Corp.*, 29 Utah 2d 271, 508 P.2d 536, 538 (1973).

The record fails to disclose that the trial court instructed the jury in any way that in order for Chen to recover there not only must have been a breach of the contract by Advantage, but also that Chen had to plead and prove that he was ready and able to perform his part of the contract but for the breach of Advantage.

■ Even had there been an adequate charge, Advantage might still have been held liable, but where there is error in the court's charge applicable to a material aspect of the evidence, this Court must reverse although there may be proof tending to sustain the correctness of the verdict upon other grounds. 2 Tenn.Juris. *Appeal and Error* § 179 (1982).

Our review of the record shows that the trial court erred in its failure to fully instruct the jury and that this failure was not harmless. Therefore, this issue is sustained and the case will be remanded for a new trial. *Holder v. Martin*, 219 Tenn. 165, 407 S.W.2d 461 (1966).

Because this issue is dispositive of this appeal, we will address defendant's issues one and three only briefly.

■ By its first issue, defendant alleges that "the court erred by failing to grant a directed verdict in Advantage's favor where the uncontroverted evidence established that Chen was incapable of timely performing his obligations under the contract."

As has been held in numerous cases in this State, the rule for determining a motion for a directed verdict requires the trial Judge and reviewing Court on appeal to look to all of the evidence, to take the strongest legitimate view of it in favor of the opponent of the motion, and to allow all reasonable inferences from it in his favor; to discard all countervailing evidence, and if then, there is any dispute as to any material determinative evidence, or any doubt as to the conclusions to be drawn from the whole evidence, the motion must be denied and the case submitted to the jury.

*Country Maid Dairy, Inc. v. Hunter*, 57 Tenn.App. 138, 149, 416 S.W.2d 367, 372 (1967) (citations omitted).

Advantage contends that the uncontroverted evidence established that Chen was incapable of performing the contract within the specified time. We disagree.

Advantage first contends that Chen testified that he was not having money wired to Nashville for the down payment until October 8th and October 22nd, and thus would not have had the money in time for the October 6th closing. While this was true, Chen also testified that his wife was bringing a "cashier's check" when she flew into Nashville on the 5th of October, one day prior to the closing date. Thus, there is evidence from which the jury could find that he would have the $100,000 available on the 6th.

Secondly, Advantage insists that Chen did not attempt to assume the two existing mortgages until October 5th and that his delay made it impossible for the mortgages to be assumed in time for the closing. While there was testimony to this effect, there was also conflicting testimony by Mr. Bohon, defendant's agent, who told Chen that there would be no problem with assuming the mortgages for he believed that all Chen had to do was "just tell them who the new owner is, you keep making the payments, and they take them."

Following the standard of review for directed verdicts, we find that there is a dispute as to material evidence in this case and that the motion was correctly denied by the trial court.

Finally, in its third issue defendant complains that "the character of the Chancellor's conduct prejudicially affected the jury and, thereby violated Advantage's right to have its case tried before an impartial tribunal."

■ Advantage cites us first to two instances where the trial judge interrupted counsel during questioning. In the first instance, the trial judge requested that the witness read the entire paragraph which he had been asked by counsel to read from the contract. In the second instance, the trial judge asked several questions of the witness from the bench in order to clarify the meaning of the word "indemnification." In both situations, the trial judge merely sought to clear up confusion and avoid the possibility of misleading the jury. He was well within his discretion and duty as a judge in both instances.

■ Advantage also insists that the trial judge committed reversible error by shaking his head back and forth during the testimony of a witness for the defense. We find nothing in the record to show that the trial judge did, in fact, shake his head back and forth at any point during the trial. However, even if there was evidence that he had done so, there is no evidence that it had any affect on the verdict of the jury. If there was error, it was harmless error. Tenn.R.App.P. 36(b).

We find issues one and three to be without merit.

The judgment of the trial court is reversed and the cause remanded for a new trial with costs assessed against the plaintiff Ching-Ming Chen.

TODD, P.J., and KOCH, J., concur.

## ORDER ON PETITION TO REHEAR

We have considered the petition to rehear filed by the appellee, The Bohon Corporation, and find it to be without merit. The issues raised in the petition were considered by the Court in its original opinion.

It is therefore ORDERED that the petition to rehear is denied.