PER CURIAM.
This is an appeal and cross appeal from a final judgment entered in favor of the plaintiff Hobe’ Cie Ltd. in a breach of contract action. We affirm the final judgment in all respects based on the following briefly stated legal analysis.
First, we reject the defendant Iv-ens Corporation’s contention that the trial court lacked jurisdiction to adjudicate the contract rights of the parties. The record clearly demonstrates that the plaintiff had standing to bring the instant lawsuit in its own right as the distributor of pearl necklaces which it purchased from FIPA, N.V. and resold at a profit to the defendant. Contrary to the defendant’s contentions, (1) FIPA, N.V. was not an indispensable party, and (2) in any event, the defendant did not properly plead the failure to join an indispensable party in either its motion to dismiss the plaintiff’s complaint or as an affirmative defense in its answer, and consequently has waived the point for appellate review. See In re Best Film & Video Corp., 46 B.R. 861 (Bankr.E.D.N.Y.1985); Colonial Sec., Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 461 F.Supp. 1159 (S.D.N.Y.1978); Hercules Inc. v. Dynamic Export Corp., 71 F.R.D. 101 (S.D.N.Y.1976); W.R. Cooper, Inc. v. City of Miami Beach, 512 So.2d 324 (Fla. 3d DCA 1987); Engel Mortgage Co. v. Dowd, 355 So.2d 1210 (Fla. 1st DCA 1977), cert. denied, 358 So.2d 130 (Fla.1978); Fla.R.Civ.P. 1.140(b)(7), (h)(2), 1.210(a).
Second, we reject the defendant Ivens Corporation’s contention that the trial court erred in awarding the plaintiff lost profits. There was clearly sufficient evidence to support the damages awarded. See Vagabond Container, Inc. v. City of Miami Beach, 356 So.2d 1266 (Fla. 3d DCA), cert. denied, 364 So.2d 882 (Fla.1978); Tech Corp. v. Permutit Co., 321 So.2d 562 (Fla. 4th DCA 1975); Cayuga Harvester, Inc. v. Allis-Chalmers Corp., 95 A.D.2d 5, 465 N.Y.S.2d 606 (1983); Borne Chem. Co. v. Dictrow, 85 A.D.2d 646, 445 N.Y.S.2d 406 (1981); § 672.708, Fla.Stat. (1987).
Finally, we reject the plaintiff Hobe’ Cie Ltd.’s contention on its cross appeal that the trial court erred in refusing to award the plaintiff lost profits for the years 1987-88. As the trial court correctly found, the plaintiff could not have delivered the pearl necklaces to the defendant for 1987-88 because FIPA, N.V., its supplier, was unwilling to provide such necklaces to the plaintiff; consequently, the plaintiff could not recover lost profits for 1987-88 because it could not show an ability to perform under the contract for those years. Hospital Mortgage Group v. First Prudential Dev. Corp., 411 So.2d 181 (Fla. *427 1982); Blue Lakes Apartments, Ltd. v. George Gowing, Inc., 464 So.2d 705, 708-09 (Fla. 4th DCA 1985); Cohen v. Champlain Towers N. Assoc., 452 So.2d 989 (Fla. 3d DCA 1984), rev. denied, 461 So.2d 113 (Fla.1985).
Affirmed.