STRINGER, Judge.
Robert Haelterman, the Former Husband, seeks review of the trial court’s order accelerating equitable distribution under the final judgment of dissolution and ordering the Former Husband to pay $72,000. The Former Husband argues that the trial court erred in finding an anticipatory breach and accelerating payment. Because the final judgment of dissolution was based on a unilateral agreement to pay money at a future time, we conclude that the doctrine of anticipatory breach does not apply.
In this case, the court entered the amended final judgment of dissolution pursuant to the terms and conditions of a stipulation amending final judgment of dissolution of marriage (“the Stipulation”). *1230 The Stipulation contained a provision requiring the Former Husband to pay Cheryl Haelterman, the Former Wife, an additional postdissolution division of property in the amount of $120,000 to be paid in annual payments of $12,000 commencing June 1,1998, and to be due on the first day of June thereafter. The Former Husband made the annual payment in 1998 and 1999, but did not make the payment in 2000. On September 15, 2000, the Former Wife obtained a judgment against the Former Husband for the 2000 payment.
On April 22, 2002, the parties entered into a mediated settlement agreement that provided that the Former Wife agreed to waive the 2001 payment. The Former Wife subsequently asked the trial court to accelerate the Former Husband’s obligation to pay the entire amount of the obligation based on his failure to make the 2000 and 2001 payments. The Former Husband contended that he should be entitled to pay the amounts due as required in the Stipulation. The trial court found an anticipatory breach on the part of the Former Husband and accelerated the amount due under the Stipulation, which the parties stipulated was $72,000.
If a party to a contract repudiates a duty before he has actually breached the contract and before he has received all of the agreed exchange for it, he has committed an anticipatory breach that gives rise to a claim for damages. Hosp. Mortgage Group v. First Prudential Dev. Corp., 411 So.2d 181, 182 (Fla.1982). However, the doctrine of anticipatory breach is generally inapplicable to unilateral contracts. Poinciana Hotel of Miami Beach, Inc. v. Kasden, 370 So.2d 399, 401 (Fla. 3d DCA 1979); Restatement (Second) of Contracts § 243(3) (1981). Subsection (3) of the Restatement provides that the rule of anticipatory breach should not be applied with regard to unilateral contracts for the payment of money in fixed installments when the only remaining duty under the contracts is the payment. Restatement § 243(3); see also Williston on Contracts, § 63:62, at 693 (4th ed.2002). This is so because the injured party has a remedy for the breach of future payments by specific enforcement of those obligations. Restatement § 243, cmt. d, and § 359(2), cmt. b.
The Third District has recognized a limited exception to the general rule when jeopardy to the obligee is imminent. Poinciana, 370 So.2d at 402. In that case, the obligor was threatening to declare bankruptcy, and the court held that a finding of anticipatory breach of a mortgage agreement was proper because “time was of the essence” to protect the obligees’ security interests. Id. The limited exception in Poinciana is not applicable in this case, which does not involve any imminent jeopardy to the Former Wife. Accordingly, the trial court erred in finding an anticipatory breach and in accelerating payment under the final judgment of dissolution.
Reversed.
NORTHCUTT and KELLY, JJ., Concur.