944 So.2d 1074 (2006)
Shara KAPLAN, Appellant,
v.
George LARATTE, Fils, Appellee.
No. 4D05-3586.
District Court of Appeal of Florida, Fourth District.
October 25, 2006.
Rehearing Denied November 22, 2006.
Michele A. Cavallaro of Michele A. Cavallaro, P.A., Dania Beach, for appellant.
Howard W. Poznanski and Yale Manoff, Boca Raton, for appellee.
KLEIN, J.
Appellant brought this suit for specific performance against the appellee, contending that the appellee had anticipatorily breached two contracts to sell real estate to appellant. The trial court found that both parties were in default and denied specific performance, but we reverse.
The buyer and seller signed the two contracts on May 20, 2004, but later that *1075 same day the seller informed the buyer that he would not go through with the sale. He followed the telephone call up with a letter which confirmed it. Although this anticipatory breach was undisputed, and found by the court to be the actual cause of the closing failing to occur, the court concluded that the buyer was also in default and denied relief. The default of the buyer, according to the court, was the failure to place the deposits in escrow on the same day that the contracts were executed.
Once the seller informed the buyer by telephone that he was not going to perform, however, the buyer had an immediate cause of action against the seller because of the anticipatory breach, which relieved her of any duty to tender performance. Hosp. Mortgage Group v. First Prudential Dev. Corp., 411 So.2d 181 (Fla. 1982). When the seller announced he was repudiating the contract on the same day he signed it, the buyer still had time to comply with the deposit provisions. Once the seller called, she had no duty to make the deposits as a condition to holding the seller to the contracts. There was accordingly no evidence to support the trial court's finding that the buyer was not entitled to relief. We therefore reverse and remand for entry of a judgment in favor of the buyer for specific performance.
POLEN and MAY, JJ., concur.