TAYLOR, J.
This case concerns an action on a consent judgment entered against the insured, Bella Marine, under a workers’ compensation policy. We find that the trial court erred when it held as a matter of law that the insured owed a duty to notify the insurer, appellee, American Interstate, of a pending action by Ordones, appellant, against Bella Marine after appellee had repudiated the contract. Therefore, we reverse the trial court’s order granting summary judgment in favor of appellee.
Appellee issued a workers’ compensation policy to Bella Marine in July 2000. In October 2000, appellee issued two notices of cancellation of the policy, effective November 14, 2000, to Bella Marine. On December 12, 2000, appellant, an employee of Bella Marine, was injured on the job. American Interstate refused to provide coverage for appellant’s injuries. Bella Marine and appellant agreed to a consent judgment under which appellant was assigned Bella Marine’s rights to proceed against appellee.
In the motion for summary judgment that is the subject of this appeal, appellee asserted that it properly cancelled the contract under sections 440.42 and 627.4133(l)(b), Florida Statutes. The trial court held as a matter of law that section 627.4133(1)(b) does not apply to workers’ compensation, and that appellee did not validly cancel the contract. The court further held, however, that Bella Marine breached its contractual duty under the policy to provide appellee with notice of its suit with appellant. Accordingly, it en *428 tered summary judgment in favor of appel-lee.
When one party repudiates a contract, the non-breaching party is relieved of all obligations to tender performance under the contract and has an immediate cause of action for breach. See Hosp. Mortgage Group v. First Prudential Dev. Corp., 411 So.2d 181 (Fla.1982). Here, appellee repudiated the contract by canceling coverage. Bella Marine was thus relieved of its duty to provide notice as required by the contract. Therefore, the trial court erred in granting summary judgment for appellee on the ground that Bella Marine continued to owe a duty of performance under the contract.
We leave for another day the issue of whether the insured’s failure to give notice also violates Coblentz v. American Surety Co. of New York, 416 F.2d 1059 (5th Cir. 1969), and its progeny.

Reversed.

STEVENSON, C.J., and WARNER, J., concur.