STEVENSON, J.
 

 The trial court granted summary judgment in favor of Opera Place, LLC, the seller, in a breach of contract action that arose from the buyer, Trinity Quadrille, LLC’s, refusal to participate in closing on the purchase and sale of 3.2 acres in down
 
 *885
 
 town West Palm Beach. We affirm and hold that Trinity breached the contract by failing to participate in the closing as scheduled and that, but for Trinity’s anticipatory repudiation, Opera could have performed.
 

 In December 2006, Opera and Trinity executed a real estate contract, and Trinity deposited $3 million into escrow toward the purchase price. The parties subsequently agreed to release $1.4 million of the deposit to Opera for the limited purpose of obtaining outstanding buyer termination agreements. Opera had attempted piecemeal sales of the 3.2 acres before Trinity agreed to purchase the entire parcel, and, now, the contract required Opera to use its best efforts to obtain from each of the holders of outstanding purchase agreements properly-executed terminations on or before closing. Opera secured the $1.4 million with a mortgage on the property in favor of Trinity, due and payable by June 30, 2007. The parties agreed that closing would occur on March 15, 2007, and that time was of the essence. The contract provided that if there were any remaining pending claims at closing, Opera would have thirty days to attempt to cure, and then Trinity could either close subject to the pending claims or terminate the contract.
 

 By March 1, 2007, Opera was required to provide Trinity with evidence that the outstanding purchase agreements had been terminated. On March 1, 2007, Opera sent Trinity a letter certifying satisfaction of that requirement. On March 12, 2007, Trinity sent a letter to Opera, expressing concern over pending litigation, regarding the property, between Opera and a party named Sadler. Trinity informed Opera that due to this pending litigation, closing would not occur on March 15, 2007. On March 13, 2007, Opera responded to Trinity, explaining that the Sadler litigation, which had commenced after the March 1 notice deadline, had been resolved and that the contract provided Opera until the closing deadline to resolve this issue anyway. On March 14, 2007, Trinity responded that pursuant to the public records, the Sadler lis pen-dens was still recorded against the property, meaning that the litigation was still pending. On March 15, 2007, Opera arrived at closing, but Trinity did not attend.
 

 Opera filed a breach of contract action, asserting that Trinity breached by failing to close on the property, and seeking, in pertinent part, satisfaction of the mortgage it had recorded against the property in favor of Trinity. Trinity counterclaimed, asserting that Opera breached by failing to eliminate claims pending against the property within the time provided, and seeking, in pertinent part, the return of its deposit. The trial court denied Trinity’s motion for summary judgment, but granted Opera’s motion for summary judgment.
 

 In
 
 Kaplan v. Laratte,
 
 944 So.2d 1074, 1074-75 (Fla. 4th DCA 2006), a seller anti-cipatorily breached two contracts the same day they were signed by announcing his refusal to go through with the sales. The buyer brought suit for specific performance, but the trial court held that the buyer was not entitled to that relief as the buyer was also in default since she failed to place deposits in escrow on the day the contracts were executed.
 
 Id.
 
 at 1075. This court reversed, finding that once the seller breached, the buyer had an immediate cause of action, relieving her of any duty to tender performance.
 
 Id.
 
 This court noted that
 

 When the seller announced he was repudiating the contract on the same day he signed it, the buyer still had time to comply with the deposit provisions. Once the seller called, she had no duty
 
 *886
 
 to make the deposits as a condition to holding the seller to the contracts.
 

 Id.
 
 Similarly, we hold that Trinity breached the instant contract by failing to participate in the time-is-of-the-essence closing, and this anticipatory repudiation obviated further performance by Opera.
 

 Nonetheless, a showing that Opera otherwise could have performed remained a prerequisite to Opera’s ability to prevail on its breach of contract claim.
 
 See Hosp. Mortg. Grp. v. First Prudential Dev. Carp.,
 
 411 So.2d 181, 182 (Fla.1982) (“Anticipatory repudiation obviates the requirement that the conditions be performed, but not that they be performable.”). We find that Opera could have performed if Trinity had not breached because the existence of the Sadler lis pendens would not have provided Trinity the option to terminate the contract.
 

 The contract provided that the buyer could terminate the agreement and receive an immediate refund of its deposit if the seller was unable to obtain termination agreements from individuals who could have a pending claim against the property. Attached to Opera’s motion for summary judgment was Sadler’s March 2007 notice of voluntary dismissal and release of lis pendens, as well as Sadler’s April 15, 2007 release and cancellation of contract. The lis pendens was not removed from the public records, however, until July 2007. Therefore, the issue is whether Trinity could have terminated the contract based on the recorded lis pendens alone.
 

 The parties’ contract required the seller to represent and warrant, as a condition of closing, that
 

 There are no pending claims, actions, suits, proceedings, audits, investigations, criminal proceedings or grievances, at law or equity, before any court, tribunal, administrative agency, arbitrator or other governmental or regulatory authority or other forum which (a) in any manner raise any questions affecting the validity or enforceability of this Agreement or any other agreement or instrument to which Seller is a party or by which it is bound and that is or is to be used in connection with, or is contemplated by, this Agreement, (b) could materially and adversely affect the ability of Seller to perform its obligations hereunder, or under any document to be delivered pursuant hereto, (c) could create a lien on Seller’s interest in the Property, or (d) could otherwise adversely affect Seller’s interest in the Property or occupancy thereunder.
 

 Under this contract, Sadler’s voluntary release of lis pendens established that there was no continued cause of action on the part of Sadler despite the fact that the lis pendens, technically, remained recorded. Thus, there was no pending claim. Further, in view of the settlement of the Sad-ler claim, Opera could have taken action to have the lis pendens removed during the thirty-day cure period allowed by the contract,
 
 [1]
 
 but even that was made unnecessary by Trinity’s anticipatory breach.
 
 See Kaplan.
 

 Because Trinity breached the contract when it failed to attend the March 15, 2007
 
 *887
 
 closing, and because Opera could have performed such that Trinity would not have been permitted to terminate the contract, we affirm the award of summary judgment in favor of Opera and the trial court’s directions that Trinity execute and record a satisfaction of mortgage.
 

 Affirmed.
 

 DAMOORGIAN and LEVINE, JJ„ concur.
 

 [1]
 

 . Paragraph 5.1.22 provided in part as follows:
 

 If after all other conditions precedent to Closing shall have occurred, there is any pending claim with respect to holders of purchase agreements, reservation agreements or any other agreement with respect to the Balance of Opera Place, on the scheduled Closing Date, or if Seller shall have failed to deliver the Required Notice, Seller shall have a period of thirty (30) days from the scheduled Closing Date to cure such claim....