PER CURIAM.
S.S. (“the mother”) appeals from a final judgment terminating her parental rights to her three oldest children, A.S., G.S., and J.S. In another pending appeal, No. 5D-11-1187, the mother challenges the concurrent termination of parental rights to her fourth child, J.T., who was born shortly after dependency proceedings were initiated in this case. Because the underlying facts, initial briefs, and answer briefs in these two appeals are virtually identical, we consolidate them for resolution on our own motion.
The mother argues that DCF failed to prove by clear and convincing evidence its two asserted grounds for termination— continuing abuse or neglect as evidenced by material breach of case plan tasks and behavior toward the children indicating that continued involvement with them would be harmful to them. Instead of attempting to demonstrate a lack of competent, substantial evidence to support the trial court’s fact findings, the mother simply recapitulates the trial court’s findings as her statement of facts, essentially conceding that there is no basis to challenge them. In her argument section, the mother then points to conflicting evidence which the trial court rejected, effectively asking this court to reweigh the evidence — which we cannot and will not do. See, e.g., Blue Lakes Apartments, Ltd. v. George Gowing, Inc., 464 So.2d 705, 708-09 (Fla. 4th DCA 1985) (explaining that when the standard of review is competent, substantial evidence, an appellate court must disregard conflicting evidence and accept the facts in evidence which support the trial court’s findings).
Our review of the record confirms that competent, substantial evidence supports the trial court’s findings that DCF proved both statutory grounds for termination of the mother’s parental rights. The evidence demonstrated continuing abuse and neglect of the children after DCF’s intervention and provision of services as evidenced by the mother’s material breach of her case plan tasks. These included failing to provide a stable and non-hazardous home, failing to maintain stable employment and income, failing to complete anger management classes and individual counseling, failing to remain drug free, and failing to refrain from committing several new law violations — including criminal child neglect. In addition, the mother’s diagnosed personality disorders and behavior toward the children, which in part resulted in the conviction for child neglect,[1] amply demonstrated that her con *820 tinuing contact with them would likely result in future harm to them despite the provision of services. Accordingly, we affirm the termination of parental rights in these cases. C.G. v. Dep’t of Children & Families, 67 So.Sd 1141, 1143 (Fla. 3d DCA 2011).
One issue merits further discussion. Regarding her new law violations, the mother argues that this factor cannot be considered based on the Second District’s opinion in In the Interest of C.N., 51 So.3d 1224 (Fla. 2d DCA 2011). That case held that DCF may not include a requirement of no new law violations as a case plan task, and that violation of this requirement, standing alone, is not a proper basis to terminate parental rights. Id. at 1232. The court reached this conclusion based on its reading of section 39.806 and on common sense. It noted that, under section 39.806, Florida Statutes, merely committing a criminal offense is not grounds for TPR. Instead, incarceration under certain circumstances and committing certain crimes are grounds for termination under sections 39.806(l)(d), (g) and (h), Florida Statutes. Thus, the C.N. panel reasoned that allowing a circuit court to expand the list of crimes for which termination may be authorized by inserting a no new law violation condition into the case plan amounted to judicial legislation in violation of separation of powers. Id. at 1233. The court concluded that this statutory scheme comported with common sense in that:
A parent’s commission of a crime is not directly correlated with poor parenting skills or risk to the child; a person who commits a crime may still be an excellent parent. It all depends on the nature of the crime. A parent’s commission of some crimes, e.g., aggravated child abuse, obviously warrants intervention to protect the affected child or children. But the commission of many other crimes may have little to do with the offender’s effectiveness as a parent or with the child’s welfare.
Id. The court recognized that several appellate opinions had affirmed terminations based on breaches of case plans for committing new law violations but noted that unlike the case before it, those prior termination cases were supported by other case plan breaches and more egregious circumstances. Id.
DCF asks this court to address C.N., acknowledge that its holding is limited to finding that violation of a no new law violation case plan condition, standing alone, is insufficient to support termination, and to confirm that the language in that opinion stating that such a condition may not be made part of a case plan under any circumstances is obiter dictum. We agree with DCF’s reading of C.N., and note that this case clearly falls into the category of those cases distinguished in C.N., where there are additional case plan breaches, more egregious circumstances, and other grounds for termination.
We fully agree with the C.N. panel’s well-reasoned conclusion that breach of a no new law violation condition, standing alone, is insufficient to terminate parental rights. But, we disagree with the conclusion, in dicta, that no such condition may be imposed in the first place, or that doing so violates the separation of powers doctrine. We reach this conclusion based upon our reading of sections 39.6011, 39.6012, and 39.603, Florida Statutes, in which the legislature expressly authorizes *821 DCF to develop case plans with “a description of the identified problem being addressed, including the parent’s behavior or acts resulting in risk to the child and the reason for intervention by the department.” § 39.6011(2)(a), Fla. Stat. (2010). The case plan must warn the parent that material breach or failure to substantially comply with the case plan may result in termination of parental rights. § 39.6011(2)(e), Fla. Stat. (2010). “The case plan must describe each of the tasks with which the parents must comply ... specifically addressing the identified problem, including: ... a description of the measurable objectives, including the time-frames specified for achieving the objectives of the case plan and addressing the identified problem.” § 39.6012(l)(b)7., Fla. Stat. (2010). In addition, the legislature has required circuit courts to approve such case plans and to determine, among other things:
Whether the plan is meaningful and designed to address facts and circumstances upon which the court based the finding of dependency in involuntary placements or the plan is meaningful and designed to address facts and circumstances upon which the child was placed in out-of-home care voluntarily.
§ 39.603(1)©, Fla. Stat. (2010).
We read these express general directives from the legislature as authorizing DCF to include (and the circuit court to approve) a no new law violation condition so long as it is related to correcting a parent’s behavior or to acts resulting in risk to the child. Under this reading of chapter 39, separation of powers is not violated because parental rights cannot be terminated solely for committing a new law violation, but such a violation can (and should) be considered in the broader context of whether it relates to continuing abuse, abandonment or neglect under section 39.806(l)(e). For example, the mother’s conviction for criminal child neglect during the pendency of these proceedings seems highly relevant, and the mother’s illicit drug use clearly posed a threat to the children when the case plan in this case was developed and approved.
AFFIRMED.
PALMER, LAWSON and JACOBUS, JJ., concur.

. The mother also admitted pleading guilty to child neglect, possession of marijuana, and *820 resisting without violence, all during the pen-dency of her dependency cases. She also admitted being arrested for not completing community service and other conditions of her various probations.