566 So.2d 601 (1990)
George A. HACKETT and Theodora J. Hackett, Appellants,
v.
J.R.L. DEVELOPMENT, INC., a Florida for-Profit Corporation, and Island International Realty, Inc., a Florida for-Profit Corporation, Appellees.
No. 89-02338.
District Court of Appeal of Florida, Second District.
September 14, 1990.
*602 Timothy R. Parry and Peter T. Wlasuk of Harter, Secrest & Emery, Naples, for appellants.
Donald K. Ross, Jr. of Porter, Wright, Morris & Arthur, Naples, for appellees.
PATTERSON, Judge.
George and Theodora Hackett, plaintiffs below, appeal a final judgment in favor of J.R.L. Development, Inc. and Island International Realty, Inc., defendants below, in the appellants' action to recover a deposit made pursuant to a real estate purchase agreement. The appellants contend that the default clause of the purchase agreement was unenforceable due to the lack of mutuality of remedy. We agree and reverse. The appellants' remaining seven points need no discussion in light of our decision.
On June 1, 1985, the appellants, as buyers, entered into an agreement with appellee J.R.L. Development, Inc., as seller, for the purchase of a commercial condominium in Naples for $125,000. The parties amended the purchase agreement in a letter of agreement signed June 1, 1985 (the addendum). The buyers deposited $25,000 with appellee Island International Realty, Inc., the broker, in two installments of $12,500 each. The addendum made the buyers' obligation to purchase the property contingent upon their obtaining mortgage financing.
A dispute arose over the financing contingency, and the buyers requested the return of their deposit, which the seller refused. The buyers commenced this action for the return of their deposit on December 22, 1986. They ultimately filed a second amended complaint on January 20, 1988, and alleged in count II that the purchase agreement was void and unenforceable as a matter of law due to the omission of material terms in the financing contingency and lack of mutual contract obligations in the default provision.
The default clause in paragraph ten of the purchase agreement provided:
Should the Buyer fail to close within the time period set forth above, then Seller shall have the right and option to cancel this Purchase Agreement for such default and to retain all deposits made prior to default, as liquidated damages, for such default by Buyer. If for any reason consummation of this transaction is prevented after acceptance of this Agreement by Seller's act, neglect or inability to deliver as per this Agreement, the Buyer may elect to claim refund of such deposit. In the event of cancellation of this Agreement, then all rights and obligations hereunder shall terminate.
At trial the judge noted that the agreement gave no remedy to a buyer "upon default or failure of a seller to close other than return of the deposit."
*603 The trial court granted a judgment in favor of the buyers and against the seller and the broker in the amount of $32,439.10, representing a return of the buyers' deposit plus $7,439.10 in statutory interest.
The trial court then entertained the appellees' motion for rehearing and found that the buyers' deposit would accrue interest while in escrow and that this provision made the purchase agreement and addendum enforceable against the buyers. The trial court denied the buyers the return of their deposit, and this timely appeal followed.
The default clause of the purchase agreement is void for lack of mutuality of remedy. See Idevco, Inc. v. Hobaugh, No. 90-01532 (Fla. 2d DCA Aug. 31, 1990). The remedies available to the parties are disparate because the seller may retain $25,000 in liquidated damages upon the buyers' default, while the buyers are left with a return of their deposit upon the seller's default. "A return of one's own money hardly constitutes damages in any meaningful sense." Ocean Dunes of Hutchinson Island Development Corp. v. Colangelo, 463 So.2d 437, 439 (Fla. 4th DCA 1985); See Sperling v. Davie, 41 So.2d 318 (Fla. 1939); Blue Lakes Apartments Ltd. v. George Gowing, Inc., 464 So.2d 705 (Fla. 4th DCA 1985).
The trial judge concluded that the buyers' remedy was reasonable because, pursuant to other provisions, they are entitled to interest earned on the deposit. We cannot agree. The interest is earned on the buyers' money; thus, the seller has no real obligation and can breach the contract with impunity.
Even if the buyers breached the agreement (an issue which we do not decide), they are entitled to a return of their deposit because the default clause is void. See Idevco, Inc., slip op. at 4. The failure of a default provision generally results in the entitlement of the nonbreaching party to prove and recover actual damages. Idevco, Inc., slip op. at 5. Here, however, as in Idevco, Inc., the seller did not affirmatively plead, by counterclaim or setoff, an action for actual damages. Instead, the seller chose to enforce the default clause of the purchase agreement. Thus, the seller is now precluded from seeking other relief.
The amended final judgment is reversed and the case remanded with directions to enter judgment in favor of the buyers.
Reversed and remanded.
CAMPBELL, A.C.J., and FRANK, J., concur.