United States Court of Appeals,

Eleventh Circuit.

No. 94-4908.

RPM INVESTMENTS, INC., a California Corporation, Homero Meruelo, Plaintiffs-Appellants,

v.

RESOLUTION TRUST CORPORATION, as receiver for General Federal Savings Bank f/k/a General Bank;  Crystal Lake Village, a Florida Corporation, Defendants-Appellees.

Feb. 16, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 93-2025-CIV-KMM), K. Michael Moore, Judge.

Before KRAVITCH, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

RPM Investments, Inc. ("RPM") and Homero Meruelo challenge the district court's determination that, because they failed to file an administrative claim with the Resolution Trust Corporation ("RTC"), the district court lacked subject matter jurisdiction over their claims against the RTC in its receivership capacity. The district court's alternative holding, that the relief appellants request—specific performance—is not available under 12 U.S.C. § 1821(j) of the Financial Institutions Reform and Recovery Enforcement Act ("FIRREA"), is a sufficient basis upon which to deny relief. We affirm on the ground that jurisdiction is lacking because the district court is barred from granting the specific performance sought by appellants.

## I. Facts

The RTC was appointed receiver of General Federal Savings Bank in 1989.  At that time Crystal Lake Village, Inc., which had

pledged a condominium development to General Federal Savings Bank as security for debts and mortgages, was in default on the loans and mortgages in excess of $10 million. RTC instituted foreclosure proceedings and was awarded a foreclosure judgment.

In its search for a purchaser for the foreclosure judgment and loan documents, the RTC approached Homero Meruelo. According to Meruelo, the RTC led him to believe that if he or an agent of RPM, a company through which Meruelo sought to acquire the property, would execute the purchase agreement and tender the requisite escrow monies to the RTC, a deal would be struck between the RTC and Meruelo in which Meruelo would purchase the foreclosure judgment, RTC's rights to the property, the loan documents, and all related rights of action (collectively the "foreclosure judgment"). Meruelo executed the purchase agreement and delivered the funds to the RTC. The purchase agreement, however, required execution by the RTC, which never occurred.

Nevertheless, it appeared to Meruelo and apparently to RTC's local attorneys that a meeting of the minds was in place. Meruelo and RPM were given due diligence rights of access to the property, and they made certain expenditures to complete due diligence. Before executing the contract, however, the RTC demanded modification of the purchase agreement. When the appellants rejected the modifications, the RTC refused to close on the properties. RPM and Meruelo then filed this suit seeking specific performance.[1]

---

[1]Appellants' complaint has four counts. In Count I, appellants seek specific performance on the theory that the purchase agreement is valid and enforceable against the RTC. In

RTC filed a motion to dismiss on the ground that the district court lacked subject matter jurisdiction because the appellants had failed to exhaust administrative remedies as required under FIRREA, 12 U.S.C. § 1821(d), and on the additional ground that 12 U.S.C. § 1821(j) limits the district court's remedial jurisdiction by prohibiting any action that would "restrain or affect" the RTC in exercising its powers and functions as receiver of a failed institution.

The magistrate judge to whom this case was referred recommended that the motion to dismiss be granted on grounds that the plaintiffs' claims were subject to the jurisdictional bar of § 1821(d) and also noted that § 1821(j) deprived the district court of jurisdiction to grant the specific performance sought. The

---

Count II, appellants allege that they have an enforceable unilateral contract and seek specific performance to enforce the contract. Count III alleges that the RTC is estopped from repudiating the purchase agreement and seeks enforcement of the purchase agreement. Count IV seeks declaratory relief and alleges that appellants' rights to the property are superior to those of Crystal Lake pursuant to Florida law. Although these are all state law claims, 12 U.S.C. § 1441a(a)(11) confers original jurisdiction on the United States district courts to hear cases involving the RTC.

> Although appellants seek declaratory relief in Count IV, were the district court to declare their rights to the interests in the property at issue superior to the rights and interests of Crystal Lake, the result would be tantamount in effect to the specific performance sought in the earlier counts. Thus, we treat Count IV as we do Counts I through III, as a request for specific performance and as such subject to the jurisdictional bar of § 1821(j). *See Carney v. Resolution Trust Corp.,* 19 F.3d 950, 957-58 (5th Cir.1994) (refusing to grant declaratory relief where such relief was sought to avoid § 1821(j)'s jurisdictional bar to injunctive relief but would have the same effect as an injunction). We do not mean to indicate that every claim for declaratory relief against a failed institution would be subject to the jurisdictional bar of § 1821(j).

district court adopted the magistrate judge's report and recommendation. RPM and Meruelo then brought this appeal. Because this is an appeal from a motion to dismiss, we accept the allegations of the complaint as true and construe the facts alleged in the complaint in the light most favorable to the appellants. *ICA Constr. Corp. v. Reich,* 60 F.3d 1495, 1497 (11th Cir.1995).

## II. Application of 12 U.S.C. § 1821(j)

As noted above, RPM and Meruelo seek only equitable relief in the form of specific performance of their contract. Our jurisdiction is limited by § 1821(j), which states:

> Except as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the Corporation as a conservator or a receiver.

Section 1821(d)(2)(E) grants the receiver the power to dispose of the assets of a failed banking institution. In disposing of a foreclosure judgment which was the property of the failed institution (or choosing not to sell the judgment to a particular prospective buyer as the case was here), the RTC was exercising a receivership function. *See National Trust for Historic Preservation v. F.D.I.C.,* 995 F.2d 238, 240 (D.C.Cir.1993) ("In disposing of the assets of a bank, the FDIC is performing a routine "receivership' function...."), *modified and reinstated in relevant part on rehearing,* 21 F.3d 469 (D.C.Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 683, 130 L.Ed.2d 615 (1994).[2]

---

[2]The "exceptions" to § 1821(j)'s jurisdictional bar are extremely limited. *See Abbott Bldg. Corp., Inc. v. United States,* 951 F.2d 191 (9th Cir.1991) (concluding that the predecessor of § 1821(j), 12 U.S.C. § 1464(d)(6)(C), did not preclude court from issuing an injunction in order to determine

The only remaining question, therefore, is whether ordering specific performance in this case would "restrain or affect" the exercise of this function. Courts have determined that various equitable remedies "restrain or affect" the exercise of the RTC's powers and are, thus, prohibited by § 1821(j). For example, courts have held that § 1821(j) renders district courts without authority to issue against the Corporation injunctions that would interfere with the exercise of its statutory powers. *See, e.g., Tillman v. Resolution Trust Corp.,* 37 F.3d 1032 (4th Cir.1994); *Carney v. Resolution Trust Corp.,* 19 F.3d 950 (5th Cir.1994); *Telematics Int'l, Inc. v. NEMLC Leasing Corp.,* 967 F.2d 703 (1st Cir.1992); *Rosa v. Resolution Trust Corp.,* 938 F.2d 383, 397-400 (3d Cir.1991), *cert. denied,* 502 U.S. 981, 112 S.Ct. 582, 116 L.Ed.2d 608 (1991). At least one court has held that "[l]ike injunction, rescission is a "judicial restraint' that is barred by 1821(j)." *Ward v. Resolution Trust Corp.,* 996 F.2d 99, 104 (5th Cir.1993). Another circuit concluded that the district court had no power under § 1821(j) to rescind an asset transfer made by the RTC pursuant to its powers under § 1821(d)(2)(G)(i)(II). *United Liberty Life Ins. Co. v. Ryan,* 985 F.2d 1320, 1328-29 (6th Cir.1993). Like rescission, injunctions, and orders rescinding

---

whether foreclosure law was followed where property allegedly was deeded to the receivership by someone without authority to do so); *Sierra Club, Lone Star Chapter v. FDIC,* 992 F.2d 545 (5th Cir.1993) (holding that where FDIC acts in its corporate capacity rather than as receiver, court is not subject to jurisdictional limitations of § 1821(j)). Some courts have also held that automatic bankruptcy stays against the RTC in its receivership capacity are not barred by § 1821(j) because such actions are "imposed by Congressional mandate and not by court order." *In re Colonial Realty Co.,* 980 F.2d 125 (2d Cir.1992).

asset transfers, the specific performance requested in this case would "restrain or affect" the RTC in the exercise of its statutory powers.

The appellants' allegations that the RTC breached a contract does not affect our holding. Even claims seeking to enjoin the RTC from taking allegedly unlawful actions are subject to the jurisdictional bar of 1821(j). In *National Trust v. F.D.I.C.,* 995 F.2d at 240, the D.C. Circuit concluded that "[i]n disposing of the assets of a bank, the FDIC is performing a routine "receivership' function that § 1821(j) unequivocally removes from judicial restraint." Thus, the court refused to enjoin a real estate transaction even though plaintiffs alleged that the sale would violate the National Historic Preservation Act. And, in a case similar to the case at bar, *Volges v. Resolution Trust Corp.,* 32 F.3d 50 (2d Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 2618, 132 L.Ed.2d 860 (1995), the Second Circuit held that a breach of contract claim did not give the district court jurisdiction to grant an injunction against the RTC. The plaintiff in that case alleged that the RTC breached a contract to sell him certain mortgages, and he sought to enjoin the RTC from selling or otherwise transferring the mortgages. The district court granted injunctive relief over the RTC's argument that the court lacked subject matter jurisdiction to grant such relief. *Id.* at 51. Noting that selling assets of the failed institution is squarely within the RTC's power as a receiver, the Second Circuit concluded that "the fact that the RTC's actions might violate some other provision of law does not render the anti-injunction provision

inapplicable."  *Id.* at 52.

### III. The Administrative Claims Procedure

The appellants also presented the following issue:  whether 12 U.S.C. § 1821(d)(13)(D) requires exhaustion of the administrative process provided for under § 1821(d)(3)-(13) as a jurisdictional prerequisite in this case.  We need not reach this issue.[3]

---

[3]Section 1821(d) sets forth the procedures through which those with potential rights to the assets of a failed institution may present administrative claims to the RTC.  Section 1821(d)(13)(D) then provides that

> [e]xcept as otherwise provided in this subsection, no court shall have jurisdiction over—
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver....
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

Courts have largely construed this to mean that they have no jurisdiction to adjudicate claims to institutional assets unless such claims were first passed through the administrative claims process provided for in the remainder of § 1821(d).

Courts have generally held that claims arising from actions taken by a failed institution before the RTC's appointment as receiver are subject to the exhaustion requirement.  *Capitol Leasing Co. v. F.D.I.C.,* 999 F.2d 188 (7th Cir.1993) (pre-insolvency breach of lease);  *Meliezer v. Resolution Trust Corp.,* 952 F.2d 879 (5th Cir.1992) (pre-insolvency negligence);  *F.D.I.C. v. Shain, Schaffer & Rafanello,* 944 F.2d 129, 136 (3d Cir.1991) (attorney's fees incurred before insolvency).  Some circuits have required exhaustion even where the RTC's own actions in the course of managing the assets of failed institutions gave rise to the claims at issue.  *See, e.g., Rosa,* 938 F.2d 383 (where employees brought monetary claims for RTC's failure as receiver to make payments to pre-insolvency pension plan).

At least two circuits, however, declined to apply the exhaustion requirement where parties brought claims to institutional assets arising from the RTC's receivership actions.  *See Resolution Trust Corp. v. Titan Financial*

Even if, as appellants allege, their claims were not susceptible to the administrative claims process and thus should not be subject to the jurisdictional bar set forth in the administrative exhaustion requirement, the court does not have jurisdiction to grant the remedy appellants seek because § 1821(j) bars such relief. Courts have held that § 1821(j)'s bar applies even in cases where the claim before the court was not susceptible to the administrative claims process. *See Rosa,* 938 F.2d at 395, 398-400. Such a rule might seem extreme because it potentially leaves plaintiffs without a remedy against the RTC acting as a receiver, and the appellants argue as much. The *Rosa* court, however, did not hold that an order restraining or affecting the RTC's exercise of its powers as receiver or conservator could never issue. *Id.* at 400. *Rosa* alludes to the possibility that such an order might issue where the RTC lacked any cognizable grounds for an action taken or where plaintiffs had no alternative remedy. *Id.* An exception to § 1821(j) need not be invoked in this case, however, because the appellants had a potential alternative remedy: they could have filed a claim for monetary damages.

---

*Corp.,* 22 F.3d 923 (9th Cir.1994) (attorney's fees claim against institutional assets resulting from F.D.I.C. action but based on terms of pre-insolvency guaranty); *Homeland Stores, Inc. v. Resolution Trust Corp.,* 17 F.3d 1269 (10th Cir.) (where RTC allegedly violated terms of pre-insolvency lease of property to retailer), *cert. denied,* --- U.S. ----, 115 S.Ct. 317, 130 L.Ed.2d 279 (1994). The case at bar presents a situation where, as in *Homeland Stores* and *Titan,* the RTC as receiver, not the insolvent institution, took the action being challenged. And, unlike *Homeland Stores* and *Titan,* here the RTC as receiver created the contract at issue, potentially further complicating the exhaustion analysis. As noted in the text, we need not reach this issue.

## IV. Conclusion

Section 1821(j) limits our jurisdiction such that we cannot grant relief that would restrain or affect the RTC's exercise of its statutory powers.  As noted earlier, 12 U.S.C. § 1821(d)(2)(E) grants the Corporation acting as receiver the power to dispose of the assets of a failed banking institution.  Thus, the RTC was acting within its statutory powers in disposing of the mortgage judgment at issue (and, in the course of doing so, choosing not to sell the judgment to appellants).  Although the limitation on the court's jurisdiction in this case "may appear drastic, it fully accords with the intent of Congress at the time it enacted FIRREA" in that it allows the RTC "to expeditiously wind up the affairs of literally hundreds of failed financial institutions throughout the country." *Freeman v. F.D.I.C.,* 56 F.3d 1394 (D.C.Cir.1995) (citing as support H.R.Rep. No. 101-54(I), 101st Cong., 1st Sess. 291, 307, *reprinted in* 1989 U.S.C.C.A.N. 86, 87, 103).

AFFIRMED.