[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2005
THOMAS K. KAHN
CLERK

No. 04-15452
Non-Argument Calendar

_____

D.C. Docket No. 04-02311-CV-RWS-1

ARTHUR O. ARMSTRONG,

Plaintiff-Appellant,

versus

PHILLIP E. FRIDUSS,
JACKIE DUNN, et al.,

Defendants-Appellees,

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

(June 17, 2005)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:


Plaintiff-Appellant Arthur O. Armstrong appeals pro se the district court's

denial of his motion for leave to file a civil action, pursuant to 42 U.S.C. § 1983,

against Lieutenant Jackie Dunn and Tony Lucas of the Conyers Police Department, and their attorney, Phillip E. Friduss. Armstrong argues on appeal that the court committed reversible error in denying him such leave. For the reasons set forth more fully below, we affirm.

Armstrong attached to his pro se motion for leave to file a civil action his proposed § 1983 complaint, in which he asserted that Dunn, Lucas, and Friduss had "conspired" against him and committed perjury, or had concealed a material fact under circumstances requiring disclosure, by stating that Armstrong "maintained no driver's license" on July 5, 2002. Armstrong also contended in this proposed complaint that, as a direct and proximate result of the defendants' acts, he had suffered "continuing injuries, including but not limited to: mental distress, mental anguish, psychic (sp.) injury, injury to his reputation and humiliation." Armstrong sought as relief compensatory and punitive damages in the amount of $100,000,000, costs, and attorneys fees.[1]

In addition to his proposed complaint, Armstrong attached to his motion a copy of an order entered by the same district court on March 4, 2004 ("March Order"), in another civil action, No. 1:02-CV-2629-RWS. The court discussed in

---

[1] Armstrong also attached to his motion for leave to file a complaint a "motion for judgment," in which Armstrong sought "judgment in his favor," based on the same facts alleged in his proposed complaint.

its March Order that Armstrong had filed motions (1) to reopen his civil action, (2) to amend his pleading, (3) for relief, (4) for permission to file the instant action, (5) for judgment under Rule 60(b), and (6) to proceed in forma pauperis ("IFP"). The court also noted that it had granted the defendants' motion for summary judgment in the original civil action, and that we had affirmed that decision.[2] Based on its determination that Armstrong's pending motions were attempts to re-litigate issues it already had decided, the court concluded that the motions were frivolous and denied them.

The court also discussed in its March Order that its review of Armstrong's prior litigation had revealed "a consistent pattern of frivolous filings." Citing to our decision in Procup v. Strickland, 792 F.2d 1069, 1073-74 (11th Cir. 1986), the district court concluded that it had to "enjoin [Armstrong] from making future filings in this case to protect the [c]ourt's jurisdiction." The court, therefore, (1) ordered Armstrong to seek leave from it before filing either a new action, or additional material in a previous civil action; and (2) directed the Clerk not to docket any new filings absent an order from the court granting such leave. The court also directed Armstrong to attach to any motion seeking the court's leave

---

[2] In an unpublished decision, we affirmed the district court's grant of summary judgment on December 1, 2003. See Armstrong v. City of Conyers, No. 03-13509-AA (11th Cir. 2003) (unpub.).

copies of (1) his proposed pleading, and (2) the court's March Order.

Although the district court found that Armstrong's motion seeking leave complied with the requirements set forth in its March Order, the court denied this motion. In doing so, the court discussed that, in Case No. 1:02-CV-2629-RWS, Armstrong had alleged that his due process rights had been violated on July 5, 2002, when police officers with the Conyers Police Department had (1) taken his suspended driver's license following a traffic stop, and (2) informed his daughter that his license had been revoked by the State of North Carolina. The court also noted that it had determined that Armstrong's rights were not violated because (1) Armstrong's driver's license had indeed been revoked, and (2) the information that the officers had given Armstrong's daughter had been true. The court determined that Armstrong's allegations in the instant motion "concern[ed] the same series of events and legal theories as his prior action in [the district court]." The court, therefore, concluded that it was precluded by the doctrine of <u>res judicata</u> from addressing Armstrong's claims in the instant action, that Armstrong's motion should be denied, and that the case should be closed.[3]

---

[3] The doctrine of <u>res judicata</u>, or claim preclusion, "will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." See <u>Davila v. Delta Air Lines, Inc.</u>, 326 F.3d 1183, 1187 (11th Cir. 2003) (quotation omitted). "[T]his bar pertains not only to claims that were raise in the prior action, [] but also to claims that could have been raise previously." See <u>id.</u> (citation omitted).

Following the court's entry of this order denying Armstrong leave to file a complaint, Armstrong filed a motion for leave to proceed IFP, and a motion for leave to file a document. The court, thereafter, denied these motions as moot.[4] Moreover, we denied Armstrong's motion for leave to proceed IFP, based on our determination that the appeal was frivolous.

Armstrong argues on appeal that the district court erred in failing to <u>sua sponte</u> grant him leave to amend this complaint, because he could have corrected its alleged deficiencies. Conceding that the court correctly determined that he could not proceed under § 1983, Armstrong contends that, based on the facts he alleged in his proposed complaint, he was entitled to relief under 42 U.S.C. §§ 1985 and 1986. Because the defendants were not served in this action, no response brief has been filed.

As a preliminary matter, to the extent Armstrong's appeal may be construed as a challenge to the district court's March Order, which enjoined him from filing certain pleadings without first obtaining the court's permission, this challenge is without merit. See <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998) ("<u>Pro se</u> pleadings are held to a less stringent standard than pleadings

---

[4] Because Armstrong has not challenged these decisions in his appeal brief, we conclude that he has abandoned any arguments on them. See <u>Access Now, Inc. v. Southwest Airlines Co.</u>, 385 F.3d 1324, 1330 (11th Cir. 2004) ("a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate. Otherwise, the issue—even if properly preserved at trial—will be considered abandoned").

drafted by attorneys and will, therefore, be liberally construed"). Under the All Writs Act, "[t]he Supreme Court and all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. A court's power to protect its jurisdiction under this Act includes:

> the power to enjoin a dissatisfied party bent on re-litigating claims that were (or could have been) previously litigated before the court from filing in both judicial and non-judicial forums, as long as the injunction does not completely foreclose a litigant from any access to the courts.

Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1295 n.15 (11th Cir. 2002) (citing Procup, 792 F.2d at 1079); see also Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1099-1102 (11th Cir. 2004) (discussing in detail the All Writs Act). Because the court's March Order was issued in response to Armstrong's "litigious history," and because this order did not completely foreclose Armstrong from accessing the courts, the court had authority under the All Writs Act to issue it.

Furthermore, to the extent Armstrong is arguing for the first time on appeal that the district court erred in not sua sponte granting him leave to amend his proposed complaint, "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," leave to amend "should be freely given," pursuant to Fed.R.Civ.P. 15(a). Hall v. United Ins. Co. of America, 367

6

F.3d 1255,1262 (11th Cir. 2004) (quotation omitted). Armstrong, however, failed to raise this argument in the district court. See Access Now, 385 F.3d at 1331 ("an issue not raised in the district court and raised for the first time in an appeal will not be considered by this [C]ourt"). Moreover, we have determined, at least when a party is proceeding with counsel, that "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff . . . never filed a motion to amend nor requested leave to amend before the district court." See Wagner v. Daewoo Heavy Industries America Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc).

Regardless, even if Armstrong had properly preserved this argument, and even if we were to conclude that our decision in Wagner should not be extended to pro se plaintiffs, "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." Hall, 367 F.3d at 1263 (quotation omitted). "All well-pleaded facts in plaintiff's complaint and all reasonable inferences drawn from those facts are taken as true." McGinley v. Houston, 361 F.3d 1328, 1330 (11th Cir. 2004) (quotation omitted). A complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6), however, when the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief," or "when its allegations–on their face–show that an affirmative defense

7

bars recovery on the claim." Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (citations and quotations omitted).

Armstrong has asserted summarily on appeal that the facts he alleged in his proposed complaint also supported claims under § 1985 and § 1986. "Section 1985 provides a vehicle to redress conspiracies to interfere with civil rights." Farese v. Scherer, 342 F.3d 1223, 1230 (11th Cir. 2003). The elements of a cause of action under § 1985(3)— the subdivision of § 1985 arguably at issue here—are "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."[5] Denney v. City of Albany, 247 F.3d 1172, 1190 (11th Cir. 2001) (quotation omitted). Moreover, § 1986 provides a cause of action against anyone who has "knowledge that any of the wrongs conspired to be done, and mentioned in [§ 1985] are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses to do so." Park v. City of Atlanta,

---

[5] To the extent it arguably is applicable, § 1985(2) provides a cause of action "to victims of conspiracies intended to injury or deter 'any party or witness in any court . . . from attending such court, or from testifying to any matter pending therein.'" See Farese, 342 F.3d at 1230 (quoting 42 U.S.C. § 1985(2)).

120 F.3d 1157, 1159 (11th Cir. 1997) (quoting 42 U.S.C. § 1986).

However, even assuming for purposes of argument that Armstrong asserted facts supporting all of the necessary elements of these actions, "as long as an attorney's conduct falls within the scope of the representation of his client, such conduct is immune from an allegation of a § 1985 conspiracy." Farese, 342 F.3d at 1232. In Farese, we determined that, although the plaintiff alleged that a defendant and his attorney engaged in conspiratorial conduct in violation of § 1985, the attorneys did not engage in any conduct that was outside the scope of their representation. Id. We, therefore, concluded that the attorney-client relationship was not "susceptible to characterization as a conspiracy under § 1985," and that the district court's dismissal of the claims was not erroneous.[6] Id. We also concluded the district court properly dismissed the plaintiff's § 1986 claims because they were derivative of his § 1985 claims. Id. at 1232 n.12.

In seeking leave to file his proposed complaint, Armstrong generally asserted that police officers with the Conyers Police Department and Friduss, their attorney, "conspired" against him and committed perjury, or concealed a material fact under circumstances requiring disclosure, by stating, presumably during a

---

[6] In reaching this conclusion, we clarified that, because "there are important differences between the agency relationships involved in private corporate activities and those arising in the practice of law," its decision in Farese left "untouched [its] cases dealing with the pure intra-corporate doctrine and criminal-conspiracy exception applicable to corporate agents." See Farese, 342 F.3d at 1232 n.10.

court proceeding, that Armstrong "maintained no driver's license" on July 5, 2002. In making this assertion, Armstrong failed to contend that Friduss was engaging in conduct that was outside the scope of his representation of the officers. Thus, similar to the facts in Farese, the defendants' attorney-client relationship was not "susceptible to characterization as a conspiracy under § 1985." See id. at 1232.

Moreover, although the district court did not discuss whether Armstrong failed to state a claim in his proposed complaint, and, instead, dismissed the complaint based on the doctrine of res judicata, we may affirm a decision of the district court "on any adequate ground, even if it is other than the one on which the court actually relied." See Fisherman Against Destruction of Environment, Inc. v. Closter Farms, Inc., 300 F.3d 1294, 1296-97 (11th Cir. 2002) (citation and quotation omitted).

Accordingly, we conclude that the district court did not commit reversible error in denying Armstrong leave to file a civil action. We, therefore, affirm.

**AFFIRMED**.