DAVIS, Judge.
Developers of Solamar, LLC (Solamar), challenges the trial court’s final summary judgment in favor of Gary Weinhauer, the purchaser, in an action for rescission of a contract for the purchase of a condominium.[1] Concluding that, as a matter of law, the contract lacked “mutuality of obligations and mutuality of remedies,” the trial court entered summary judgment granting Weinhauer the rescission. We reverse.
As a real estate developer in Charlotte County, Solamar entered into a contract to sell to Weinhauer unit 234 of the Solamar Condominium. By the terms of the contract, Solamar reserved the right to terminate the contract if it chose not to submit the real property to the declaration of condominium. The contract further provided that should Solamar terminate the contract for that reason, the only remedy available to Weinhauer was the return of his purchase money deposit plus interest.
The contract was signed on April 20, 2005, and construction on the condominium development began early that year. On August 14, 2006, Solamar received a certificate of occupancy for unit 234. On August 16, 2006, Solamar recorded the declaration of condominium for the subject real property in the public records of Charlotte County. Following that date, Solamar began holding closings with other purchasers for other units in the building. Solamar then noticed Weinhauer that the closing on unit 234 was set for September 16, 2006. On September 14, 2006, closing documents were sent to Weinhauer for review, and on September 15, 2006, counsel for Wein-hauer gave Solamar written notice of his client’s refusal to close the transaction and intention to rescind the contract. Wein-hauer subsequently filed his complaint seeking rescission. In October 2007, Weinhauer obtained the trial court’s permission to file his second amended complaint, adding as grounds for rescission the allegations of lack of mutual obligation and lack of mutual remedy.
Weinhauer then filed his motion for summary judgment on those issues, and following a hearing, the trial court determined that as a matter of law the contract was deficient. As such, the trial court entered summary judgment in favor of Weinhauer.
The trial court’s ruling was based solely on its understanding of the legal implications of the terms of the contract. Of specific concern were paragraphs 13 and 19. Paragraph 13 reads:
Default. In the event it should become necessary for Seller to retain the services of an attorney to enforce the provisions of this Agreement, Buyer agrees to pay the cost of any legal proceedings and reasonable attorneys’ fees, including attorneys’ fees for appellate proceedings, in addition to all other *15 damages sustained by Seller. In the event Buyer defaults hereunder, all earnest money deposits shall be paid to Seller as liquidated damages for such default in lieu of all other damages. In the event Seller defaults hereunder, all earnest money deposits shall be paid to Buyer, together with interest thereon at the highest rate paid by commercial banks in Charlotte County on regular passbook savings accounts as liquidated damages for such default in lieu of all other damages. Notwithstanding the foregoing, this provision shall not limit the Buyer’s remedy for the Seller’s will-fid non-performance [sic] of this contract to merely a return of Buyer’s deposit plus interest. A decision by Seller not to construct the unit pursuant to the provisions of paragraph 18 of this Agreement or applicable provisions of the Declaration of Condominium shall not be deemed to be a willful non-performance [sic] of this Agreement by Seller.... Both parties specifically agree that neither shall be entitled to bring action for specific performance of this agreement in the event of a default.
(Emphasis added.) Although paragraph 13 of the contract makes reference to the provisions of paragraph 18, both parties agree that this was a scrivener’s error and that the correct reference should be to paragraph 19, which reads:
Reservation. Seller reserves the right not to submit the land and buildings to condominium ownership or to otherwise terminate the condominium prior to the closing. In such event, Buyer shall receive a complete refund of all deposits. Upon receiving the refund Seller shall be relieved from any further liability to Buyer.
The trial court concluded that based on the language of these two paragraphs, the contract created “no real obligation on the part of Defendant Solamar to perform under the contract” and left Weinhauer with no remedy for Solamar’s default. The trial court noted that the only remedy provided to Weinhauer by the contract — for Solamar to return the purchase money deposit with passbook savings interest — is not a meaningful remedy. Thus the trial court concluded that as a matter of law Weinhauer was entitled to rescind the contract due to lack of mutuality of obligation and lack of mutuality of remedy.
In support of its ruling, the trial court cited two cases, IDEVCO, Inc. v. Hobaugh, 571 So.2d 488 (Fla. 2d DCA 1990), and Hackett v. J.R.L. Development, Inc., 566 So.2d 601 (Fla. 2d DCA 1990). Both cases hold that a contract that does not provide for mutual obligations and remedies is unenforceable. Both Hackett and the instant case are factually similar in that both deal with the interpretation of a contract for the purchase of a condominium. In Hackett, the default clause of the contract provided that if the buyer should fail to perform, the seller could retain the earnest money deposits as liquidated damages. However, it also provided that if “for any reason” the closing was not completed by the “[s]eller’s act, neglect or inability to deliver as per this Agreement, the [bjuyer may elect to claim a refund of such deposit. In the event of cancellation of this Agreement, then all rights and obligations hereinunder shall terminate.” 566 So.2d at 602. This court determined that the contractual provision lacked mutuality of remedy in that a return of one’s own money — even with earned interest — fails to provide any meaningful damages. That is, the seller could “breach the contract with impunity” as it had no real obligation to perform under the contract. Id. at 603.
IDEVCO also addressed the default clause of a contract for the purchase of a condominium. The clause there provided *16 that if the seller breached the contract, the buyer was limited to the return of the earnest money deposit and that if the buyer breached the contract, the seller was entitled to keep the earnest money deposit. 571 So.2d at 489. This court upheld the trial court’s determination that even though the buyer had breached the contract, the seller could not enforce the contract’s liquidated damages provision because there was a lack of mutuality of remedy. Here, the trial court relied on Hackett and IDEVCO in concluding that the contract between Solamar and Wein-hauer was unenforceable for lack of mutuality of obligation and remedy. This was error.
Paragraph 19 does reserve to Sola-mar the unilateral right to rescind the contract for the sale of unit 234 but only if the decision is made not to submit the entire project to the declaration of condominium. Although this provision may have created a contract that lacked mutual obligation by providing to one party a unilateral right that was not extended to the other, such deficiency was cured when So-lamar submitted the entire condominium project for declaration of condominium by recording the necessary legal documents and closing on other units. After performing these acts pursuant to the contract, Solamar no longer had the unilateral right to rescind the contract because any attempt to withdraw the property from the legal restrictions of the recorded declaration of condominium would require the assent of third parties. See § 718.117(3), Fla. Stat. (2006). Further, Solamar constructed the unit as called for by the contract, obtained the certificate of occupancy, and provided the closing documents indicating that it was ready, willing, and able to perform pursuant to the agreement. Thus any lack of mutuality of obligation at the inception has been cured. See Murry v. Zynyx Mktg. Commc’ns, Inc., 774 So.2d 714, 716 (Fla. 3d DCA 2000) (“ ‘Although a contract is lacking mutuality at its inception, such defect may be cured by the subsequent conduct of the parties. Want of mutuality is no defense in the case of an executed contract and a promise lacking mutuality at its inception becomes binding on the promisor after performance by the promisee.’ ” (quoting Wright & Seaton, Inc. v. Prescott, 420 So.2d 623, 627 (Fla. 4th DCA 1982))).
Additionally, the remedy provision of paragraph 13 here differs from those in Hackett and IDEVCO in that it does not lack mutuality of remedy. The only condition that limits Weinhauer’s remedy to the return of his deposit plus interest is if Solamar breaches the contract for other than a “willful” breach. The contract specifically provides: “Notwithstanding the foregoing, this provision shall not limit the Buyer’s remedy for the seller’s willful nonperformance [sic] of this contract to merely a return of the Buyer’s deposit plus interest.” Paragraph 13 also provides that the Seller’s exercise of its reserved right under paragraph 19 shall “not be deemed to be a willful non-performance [sic] of this agreement.” We conclude that this default clause does not, as a matter of law, fail for lack of mutuality in that Weinhauer had every right to seek his actual damages had Solamar willfully failed to perform. As such, Solamar could not have breached the terms of the contract “with impunity.” See Hackett, 566 So.2d at 603.
Because Solamar has performed fully pursuant to the contract and the first indication that Weinhauer was desirous of rescinding the contract came only after the contract was executed, we conclude that any lack of mutual obligation in the contract at its inception was cured and that the default clause provided a reasonable remedy for the purchaser upon Solamar’s *17 willful breach. Accordingly, we reverse the trial court’s final summary judgment and remand for further proceedings.
Reversed and remanded.
CASANUEVA, C.J., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.

. Weinhauer sued Solamar and Ronald F. Gudac, individually. The final judgment entered by the trial court was against the corporate defendant only, and Solamar is the only party appellant in this proceeding. Since Gu-dac has not chosen to participate in the appeal, he has been listed as an appellee as provided by Florida Rule of Appellate Procedure 9.020(g)(2).