[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  13-14486
_____

D.C. Docket No. 5:13-cv-00021-RS-CJK


INLET BEACH CAPITAL INVESTMENTS, LLC,
US 98 CAPITAL INVESTMENTS, LLC,
DAVID R. PEARSON,

                                          Plaintiffs - Appellants,

versus

FEDERAL DEPOSIT INSURANCE CORPORATION,
as receiver for Peoples First Community Bank
Panama City, Florida,
a.k.a. FDIC,

                                          Defendant - Appellee.



_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 12, 2014)

Before WILSON and ROSENBAUM, Circuit Judges, and HUCK,[*] District Judge.

HUCK, District Judge:

Appellants Inlet Beach Capital Investments, LLC, US 98 Capital Investments, LLC, and David R. Pearson (collectively, Appellants) appeal from the district court's order entering final judgment in favor of Appellee, the Federal Deposit Insurance Corporation as Receiver (FDIC-R), following the district court's dismissal of Appellants' Amended Complaint.[1] While Appellants raise numerous and complex issues on appeal, our determination that the limitation of remedies provision in the parties' purchase contract is enforceable disposes of the case.[2] Accordingly, we **AFFIRM** the district court's ruling.

## I.    BACKGROUND

This case arises from contracts to purchase real estate. The real estate is approximately forty acres of land in Panama City Beach, Florida, formerly owned by Peoples First Community Bank. This real estate consists of two parcels, a commercial parcel and a residential parcel. The residential parcel

---

[*]Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

[1] It is not clear why US 98 and Pearson are designated as Appellants because only Inlet Beach's contract claims are at issue. The district court's dismissal of the remaining claims has not been appealed.

[2] Indeed, Appellants conceded at oral argument that Inlet Beach could not prevail if this Court finds the remedies limitation provision enforceable.

contains fifty-three lots.  After the bank failed, the FDIC-R was appointed as its receiver, and took control of the bank's assets.

Appellants, plaintiffs below, consist of David Pearson, a developer, and two entities that he owns and controls as managing member: Inlet Beach Capital Investments, LLC and US 98 Capital Investments, LLC.  Appellants contracted to purchase both parcels of land.  Inlet Beach was the purchasing party to the residential property contract (the Inlet Beach Contract).  Inlet Beach also entered into a contract for the purchase of the commercial property, but later assigned the contract to US 98 (the US 98 Contract).  The purchase price was $1,203,000 for the residential parcel and $635,000 for the commercial parcel.

Prior to closing on the US 98 Contract, Appellants discovered an error in the legal description of the commercial parcel.  Specifically, the commercial parcel's description erroneously included twenty-one of the residential lots and a private access road, both of which were pledged in the residential contract.  The parties closed on the commercial parcel despite the erroneous description.

In order to close on its residential contract, Inlet Beach demanded that the FDIC-R reacquire the portion of the residential parcel that had been mistakenly included in and conveyed with the commercial parcel.

3

Ultimately, given Inlet Beach's demand, this proposed resolution would have resulted in a net payment from the FDIC-R to Appellants in exchange for the two parcels.[3]  Not surprisingly, the FDIC-R refused Inlet Beach's demand to reacquire the residential property on those terms and the parties could not close on the Inlet Beach Contract.

In accordance with the administrative procedure set forth in the Financial Institution Reform and Recovery Enforcement Act ("FIRREA"), Appellants filed a joint Proof of Claim, asserting numerous claims.  After the FDIC-R denied the claims, Appellants filed a seven-count Complaint in the district court alleging three contract claims (for damages and specific performance) based on the Inlet Beach Contract, three tort claims, and a claim for punitive damages and attorneys' fees.  Appellants amended their complaint to add the FDIC in its corporate capacity as a defendant.

Thereafter, the district court granted the FDIC-R's motion to dismiss all of Appellants' claims.  The court held that Inlet Beach's contract claims were barred by the Inlet Beach Contract's remedies limitation.  The court also held that Appellants' tort claims and claims for punitive damages and

---

[3] US 98 paid $635,000 for the commercial property, and Inlet Beach agreed to pay $1,203,000 for the residential property, for a total of $1,838,000.  Inlet Beach demanded the FDIC-R pay US 98 $2,625,000 for the portion of the residential parcel that was conveyed with the commercial parcel.  Thus, Pearson's entities demanded that the FDIC-R pay them $787,000, plus convey both parcels to the entities.

attorneys' fees were barred by the Federal Tort Claims Act.[4]  After

dismissing all claims against the FDIC-R, the district court entered final

judgment in favor of the FDIC-R.

## II.    STANDARD OF REVIEW

This Court reviews de novo a district court's entry of final judgment.

*Maytronics, Ltd. v. Aqua Vac Sys., Inc.*, 277 F.3d 1317, 1320 (11th Cir.

2002).  The district court dismissed all of Appellants' claims and entered a

final judgment in favor of the FDIC-R.  The court dismissed the Inlet Beach

contract counts for failure to state a claim.  We review de novo a district

court's grant of a motion to dismiss for failure to state a claim.  *Hill v. White*,

321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam).   "[W]e may affirm a

decision of the district court on any adequate ground, even if it is other than

the one on which the court actually relied." *Armstrong v. Friduss*, 138 F.

App'x 189, 194 (11th Cir. 2005) (per curiam) (internal quotation marks

omitted).

## III.   ANALYSIS

Inlet Beach's contract claims are barred by the Inlet Beach Contract's

remedies limitation provision.[5]  Despite Inlet Beach's argument to the

---

[4] As indicated in footnote 1, Appellants did not address dismissal of their tort claims and have acknowledged that they have waived those claims.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

contrary, the remedies limitation provision does not lack mutuality and is therefore enforceable.

"Parties may contractually limit damages for breach." *Ament v. One Las Olas, Ltd.*, 898 So. 2d 147, 151 (Fla. Dist. Ct. App. 2005). A remedies limiting provision is enforceable, unless it contains "an unreasonable disparity in remedy alternatives available to" the parties. *Terraces of Boca Assocs. v. Gladstein*, 543 So. 2d 1303, 1304 (Fla. Dist. Ct. App. 1989). Here, the remedies limiting provision does not contain such an unreasonable disparity.

Section 11 of the Inlet Beach Contract limits the FDIC-R's remedies by providing that if the "Purchaser defaults in the performance of its obligations hereunder or refuses or fails to consummate the purchase of the [p]roperty," the FDIC-R, "as its sole and exclusive remedy," may terminate the Contract and "shall be entitled to retain the Earnest Money as liquidated damages." The provision further provides, "[n]otwithstanding the foregoing,

---

[5] In addition to the remedies limitation provision, Inlet Beach's claim for specific performance is barred by 12 U.S.C. § 1821(j), which provides: "Except as provided in this section, no court may take any action . . . to restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or a receiver." We have previously ruled an award of specific performance "would 'restrain or affect' the [FDIC-R] in the exercise of its statutory powers." *RPM Invs., Inc. v. Resolution Trust Corp.*, 75 F.3d 618, 621 (11th Cir. 1996) (per curiam). Further, Inlet Beach's claim for specific performance is barred because it was not included in Inlet Beach's proof of claim. *See Stamm v. Paul*, 121 F.3d 635, 642 (11th Cir. 1997) (holding that claimants must exhaust their administrative remedies before they seek relief in court).

6

in the event of **<u>any other default</u>** by Purchaser under this Agreement, Seller shall have any and all rights and remedies available at law or in equity by reason of such default." (Inlet Beach Contract § 11(a) (emphasis added).)

Section 11 also limits Inlet Beach's remedies, providing that if the "Seller fails to perform its obligations hereunder or refuses or fails to consummate the sale of the Property . . . then Purchaser, as its sole and exclusive remedy, shall have the right to terminate this Agreement." In that case, Inlet Beach is entitled to the return of its earnest money and "Seller shall reimburse Purchaser for its reasonable out-of-pocket expenses incurred in connection with this transaction prior to such default up to the maximum amount of ONE THOUSAND AND NO/100 DOLLARS ($1,000)." Section 11 further provides that "[i]n no event shall Seller be liable to Purchaser for any other actual, punitive, speculative, or consequential damages, nor shall Purchaser be entitled to bring a claim to enforce specific performance of this Agreement."

Inlet Beach contends that the remedies limitation in Section 11 is unenforceable due to lack of mutuality. Inlet Beach posits that Section 11 limits its remedies for the FDIC-R's failure to consummate the Inlet Beach Contract to the return of its earnest money and up to $1,000 in out-of-pocket costs while allowing the FDIC-R all "rights and remedies available at law or

7

in equity by reason" of Inlet Beach's failure to consummate the Contract, presumably including actual damages or specific performance.  Inlet Beach misconstrues the effect of Section 11 by concluding that the FDIC-R still retains all potential remedies arising out of Inlet Beach's breach of its obligation to purchase the residential parcel.  Apparently, Inlet Beach interprets the "all rights and remedies available" provision as applying to its obligation to consummate the purchase.  We disagree.

We interpret the provision relating to the FDIC-R's remedies as addressing two distinct breaches by Inlet Beach: a breach of its obligation to consummate the purchase of the residential property, and a breach by Inlet Beach of **any other** of its obligations under the Inlet Beach Contract.[6]  As a result, the FDIC-R's more expansive remedies do not apply to Inlet Beach's failure to purchase, but rather are limited to "**any other default** by Purchaser under this Agreement."  (Inlet Beach Contract §11(a) (emphasis added).)  Indeed, a number of the Contract's terms create Inlet Beach's obligations, including post-closing obligations, the breach of which would properly be

---

[6] To the extent that Inlet Beach contends that the remedies limitation provision appears to contain seemingly conflicting remedies available to the FDIC-R, we disagree.  We reasonably construe the provision so that its terms are not in conflict and reflect the obvious intent of the parties.  Even if Inlet Beach's contention were correct, "it is the duty of the court wherever possible to construe apparently conflicting provisions of a contract so that the provisions do not conflict."  *Berwick Corp. v. Kleinginna Inv. Corp.*, 143 So. 2d 684, 688 (Fla. Dist. Ct. App. 1962)*; see also Meyer v. Caribbean Interiors, Inc.*, 435 So. 2d 936, 938 (Fla. Dist. Ct. App. 1983).

construed as "any other default." (*See, e.g.,* Inlet Beach Contract §§ 4(b), 6(b)(ii), 6(b)(iv), 6(d).)

Under the Inlet Beach Contract, if Inlet Beach breached its obligation to consummate the purchase of the residential property, the FDIC-R's "sole and exclusive remedy" would be to terminate the Contract and retain Inlet Beach's earnest money. Thus, the FDIC-R is, as is Inlet Beach, precluded from obtaining actual damages or specific performance. This agreed-to tradeoff is not unreasonable under the circumstances. Therefore, the remedies limitation provision does not lack mutuality and is enforceable.

Moreover, cases upon which Inlet Beach relies for its lack of mutuality argument are inapplicable because, in each of those cases, the purchaser's remedy was limited to the return of its deposit, without recovery of any out-of-pocket expenses. *See Hackett v. J.R.L. Dev., Inc.*, 566 So. 2d 601 (Fla. Dist. Ct. App. 1990); *Terraces of Boca*, 543 So. 2d at 1303; *Ocean Dunes of Hutchinson Island Dev. Corp. v. Colangelo*, 463 So. 2d 437 (Fla. Dist. Ct. App. 1985); *Blue Lakes Apartments, Ltd. v. George Gowing, Inc.*, 464 So. 2d 705 (Fla. Dist. Ct. App. 1985). Here, however, the remedies provision permits Inlet Beach to recover an additional $1,000 of out-of-pocket expenses. Similarly, in *Ament*, Florida's Fourth District Court of Appeal held that a provision limiting a purchaser's remedies to the refund of

9

its deposit and recovery of all out-of-pocket damages was enforceable.  *See Ament*, 898 So. 2d at 150.

In addition, in those cases upon which Inlet Beach relies, the sellers retained far more rights than the FDIC-R retained under the Inlet Beach Contract.  For example, in *Hackett*, the seller retained the option to either cancel the contract and retain the deposit as liquidated damages, or to enforce the agreement and seek actual damages or specific performance. *See Hackett*, 566 So. 2d at 602.  Likewise in *Terraces of Boca* and *Ocean Dunes*, the sellers were not precluded from pursuing equitable or legal remedies as opposed to retaining only the buyers' deposit.  *See Terraces of Boca*, 543 So. 2d at 1303; *Ocean Dunes*, 463 So. 2d at 440.   In this case however, if Inlet Beach failed to consummate the purchase, the FDIC-R's "sole and exclusive remedy" was terminating the Inlet Beach Contract and retaining the earnest money, thus foregoing the option of enforcing the Contract and seeking actual damages or specific performance.

Here, as pertaining to the underlying dispute—the failure to consummate the sale of the residential property—the parties' respective remedies are not unreasonably disparate, and thus, there is no lack of mutuality.  Therefore, this Court holds that the Inlet Beach Contract's remedies provision is enforceable and affirms the district court's dismissal

10

of Inlet Beach's contract claims.  We also affirm the district court's

dismissal of the other claims, which were not appealed.

AFFIRMED.