FORST, J.
The issue in this case is whether the Appellee, MJP Distribution LLC (“Seller”), is entitled to enforce a liquidated damages clause in a real' estate contract with the Appellant, Victory Christian World Ministries, Inc. (“Buyer”). We affirm the trial court’s grant of summary judgment enforcing this clause.
Background
Buyer and Seller entered into a real estate contract for the purchase of a specific piece of property. The final purchase price was $606,000 and Buyer made two deposits totaling $75,000. The contract contained liquidated damages provisions that stated:
If Buyer fails to perform under this Contract, then, as Seller’s sole and exclusive remedy under this Contract, the Settlement Agent is hereby irrevocably immediately directed and instructed that the Initial Escrow Deposit and if delivered by Buyer, the Additional Escrow Deposit shall be forfeited and paid over to Seller as agreed liquidated damages in order to compensate Seller for the damages caused by such breach and not as a penalty.
In the event of Seller’s default under this Contract, Buyer’s sole remedies shall be to receive the return of Buyer’s Escrow Deposit(s), at which time the Contract shall cease and terminate and Seller and Buyer shall have no further obligations, liabilities or responsibilities to' one another. Buyer shall not have any claim against Seller (nor shall Seller be liable) for damages (actual, special, punitive or otherwise) and hereby waives any such claims.
After a disagreement between the parties, Buyer filed suit claiming a breach of contract. Seller filed a counterclaim alleging breach of contract and fraud in the inducement. Both parties moved for summary judgment. The trial court held a hearing on the motions and ordered that Buyer’s motion be denied, Seller’s motion be granted on the breach of contract claim, and Seller’s motion be denied on the fraud in the inducement claim. The trial court found the liquidated damages provision to be valid and subsequently ordered that Seller recover $75,000 from Buyer (by retaining the deposits).
Analysis
The liquidated damages clauses at issue here provided that, if Buyer failed to *1037 perform, Seller was entitled to retain all deposits that had been made. On the other hand, if Seller failed to perform, Buyer was entitled only to the return of the deposits. Application of similar one-sided liquidated damages clauses, have routinely been struck down based on one of the parties lacking any real obligation. E.g., Ocean Dunes of Hutchinson Island Dev. Corp. v. Colangelo, 463 So.2d 437, 439 (Fla. 4th DCA 1985); Blue Lakes Apartments, Ltd. v. George Gowing, Inc., 464 So.2d 705, 709 (Fla. 4th DCA 1985); Both Ocean Dunes and Blue Lakes Apartments involved a breach by the seller, the party without an obligation, and a successful effort (via litigation) by the buyer to recover damages, notwithstanding the one-sided terms of the damages clauses.
By contrast, the instant case involves the party with no real obligation under the agreement (Seller) seeking to enforce it against the party with an obligation (Buyer). This case is therefore comparable to Developers of Solamar, LLC v. Weinhauer, 18 So.3d 13 (Fla. 2d DCA 2009). There, the Second District Court of Appeal reversed a grant of summary judgment in favor of the buyer in part because the seller was ready, willing, and able to perform. Id. at 16; see also Redington Grand, LLP v. Level 10 Props., LLC, 22 So.3d 604 (Fla. 2d DCA 2009) (similar). The Second District Court of Appeal concluded that the seller’s continued attempts to perform “cured” any defect that existed in the original contract. Weinhauer, 18 So.3d at 16.
Although a contract is lacking in mutuality at its inception, such defect may be cured by the subsequent conduct of the parties. Want of mutuality is no defense in the case of an éXecuted' contract, and a promise lacking in mutuality at its inception becomes binding on the promisor after performance by the promisee.
Wright & Seaton, Inc. v. Prescott, 420 So.2d 623, 627 (Fla. 4th DCA 1982) (quoting 17 C.J.S. Contracts § 100(3), at 799-800 (1963)).
Here too, the record indicates that Seller was ready, willing, and able to perform. As such, any lack of mutuality of obligation was cured. Therefore, although Seller would not have been able to enforce the provision of the liquidated damages clause requiring only the return of the deposits had it been the breaching party, it may enforce the contractual stipulation allowing it to keep.the deposits when it is not at fault.
Conclusion
Accordingly, we affirm the trial court’s judgment enforcing the liquidated damages clause of the contract.

Affirmed.

GROSS and KLINGENSMITH, JJ„ concur.